Judy Ellen LUNA-HOLBIRD *v.* STATE of Arkansas

CR 93-1239                                    871 S.W.2d 328

Supreme Court of Arkansas
Opinion delivered February 7, 1994

*Appellant*, pro se.

No response.

PER CURIAM. In 1993 appellant Judy Luna-Holbird filed in the trial court a petition for post-conviction relief pursuant to Criminal Procedure Rule 37 which the trial court denied. After the record was lodged in this court on appeal, appellant sought to supplement the record, to join her son in the appeal, and to file handwritten pleadings. We denied the motions and dismissed the appeal because it was clear that appellant could not prevail on appeal because she had not sought this court's permission to file a petition pursuant to Rule 37 as required by the rule as it existed when she was convicted. *Holbird* v. *State*, CR 93-1239 (December 13, 1993). Appellant now seeks reconsideration of that decision.

As grounds for reconsideration, appellant cites the fact that the opinion was a Per Curiam opinion not signed by the members of this court and not designated for publication and thus possibly a "falsified document." The ground is frivolous. An unanimous opinion of this court may be rendered as a Per Curiam opinion and not designated for publication at the discretion of the court. Only those opinions of this court which are signed must be designated for publication. Sup. Ct. R. 5-2 (a).

Appellant further argues that the trial court was obligated to hold an evidentiary hearing before denying relief. Rule 37.3 (a) provides that an evidentiary hearing is not required where the trial court can conclude from the files and records of the case that the petitioner is entitled to no relief. As appellant had not received this court's permission to proceed under the rule in the trial court, the trial court did not err when it concluded that an evidentiary hearing was not required.

Motion denied.