James Wesley BILYEU *v.* STATE of Arkansas

CR 98-1480                                            987 S.W.2d 277

Supreme Court of Arkansas
Opinion delivered April 15, 1999

*Q. Byrum Hurst, Jr.,* for appellant.

*Mark Prior,* Att'y Gen., by: *O. Milton Fine II,* Ass't Att'y Gen., for appellee.

P ER CURIAM. James Wesley Bilyeu was found guilty in 1996 of second-degree murder and sentenced to thirty years' imprisonment. A fine of $15,000 was also imposed. The court of appeals affirmed. *Bilyeu v. State,* CACR 97-505 (February 4, 1998).

Bilyeu subsequently filed in the trial court a timely petition for postconviction relief pursuant to Criminal Procedure Rule 37. The petition was denied without a hearing, and the appeal of that order has been lodged here. The appellee now seeks by motion to

remand the matter to the trial court for written findings of fact. The appellant agrees that written findings should have been entered but contends that any order from this court should also include instructions to hold an evidentiary hearing.

The order entered in the trial court was devoid of the written findings required by Rule 37.3(a). The order in its entirety reads:

> Now on this 26th day of May, 98, the court upon consideration of the petition for postconviction relief filed herein by the defendant should be and hereby is denied and dismissed.

■ ■ While we have affirmed the denial of Rule 37 petitions notwithstanding the trial court's failure to make written findings as required by Rule 37.3(a), we have done so only where it can be determined from the record that the petition is wholly without merit or where the allegations in the petition are such that it is conclusive on the face of the petition that no relief is warranted. *Long v. State*, 294 Ark. 362, 742 S.W.2d 942 (1988), citing *Rawls v. State*, 264 Ark. 954, 581 S.W.2d 311 (1979); *Smith v. State*, 290 Ark. 90, 717 S.W.2d 193 (1986). Here, there are allegations contained in the petition for postconviction relief which are supported by assertions of fact which preclude summary dismissal of the petition. Accordingly, we grant the appellee's motion to remand the matter to the trial court for written findings. We leave the decision of whether the allegations warrant an evidentiary hearing to the trial court which has discretion pursuant to Rule 37.3(a) to decide whether the files or records are sufficient to sustain the court's findings without a hearing. *See Luna-Holbird v. State*, 315 Ark. 735, 871 S.W.2d 328 (1994).

Motion granted.