## Roy REED *v.* STATE of Arkansas

CR 08–345                                          289 S.W.3d 921

### Supreme Court of Arkansas
### Opinion delivered December 19, 2008

Appellant, pro se.

*Dustin McDaniel*, Att'y Gen., by: *LeaAnn J. Irvin*, Ass't Att'y Gen., for appellee.

R OBERT L. BROWN, Justice. Appellant Roy Reed has filed this pro se appeal from the circuit judge's denial of his petition for postconviction relief, which was lodged pursuant to Arkansas Rule of Criminal Procedure 37.1.

The history of the case is as follows. In 2005, Reed was convicted of possession of methamphetamine, manufacturing methamphetamine, and possession of paraphernalia with the intent to manufacture methamphetamine. He was sentenced as a habitual offender to eight years, thirty years, and eight years, respectively, to be served concurrently. He appealed and argued that the circuit judge erred in denying his motion for directed verdict on the charge of possession of drug paraphernalia with intent to manufacture. The court of appeals affirmed in an unpublished opinion. *See Reed v. State*, CACR 06-271 (Ark. App. Nov. 29, 2006) (unpublished).

On February 15, 2007, Reed filed the petition for postconviction relief, which is at issue in this case, and raised three points: (1) that he was subjected to double jeopardy because possession of methamphetamine is a lesser-included offense of manufacturing methamphetamine; (2) that his trial counsel was ineffective for failing to make an accomplice-corroboration argument; and (3) that his trial counsel was ineffective for failing to object with respect to the affidavit supporting the search warrant for his residence. The circuit judge denied Reed's petition without a hearing and said:

> Petitioner's convictions were affirmed on direct appeal on November 29, 2006 (CACR-06-271). Petitioner has filed the instant Rule 37 petition alleging several errors on the part of his trial counsel. The allegations are: counsel failed to make double jeopardy arguments; failure of counsel to seek correction of a sentence illegally imposed; failure of counsel to make a accomplice corroboration argument; and, failure of counsel to make specific objections in his motion to suppress.

> Because each of the allegations complained of in the Rule 37 petition could have been raised on direct appeal and were not, Petitioner has waived the arguments. *See Blair v. State*, 290 Ark. 22 (1986).

The petition was then dismissed with prejudice. No findings of fact or conclusions of law were contained in the judge's order.

■ There are two problems with the judge's order. The first is an error of law. While it is true that, ordinarily, Rule 37.1 does not provide a remedy when an issue could have been raised in the trial or argued on appeal, an exception is made for errors that are so fundamental as to render the judgment of conviction void and subject to collateral attack. *See Finley v. State*, 295 Ark. 357, 748 S.W.2d 643 (1988). This court has held that a violation of double jeopardy is such a fundamental error. *See Rowbottom v. State*, 341 Ark. 33, 13 S.W.3d 904 (2000). So too is an allegation of ineffective assistance of counsel for failure to raise critical issues at the trial level on the defendant's behalf, which prejudiced the defendant's right to a fair trial. *See, e.g., McGehee v. State*, 348 Ark. 395, 72 S.W.3d 867 (2002). It is beyond dispute that the latter issue may be raised in a petition for postconviction relief such as we have before us. *See Ark. R. Crim. P. 37.1 through 37.5 (2008). All of Reed's points on appeal fall within these exceptions. Hence, the circuit judge's decision to dismiss Reed's appeal on the basis of waiver was error.

■ This leads to the second problem we face with the judge's order. Because of his dismissal of Reed's petition due to waiver, he made no written findings as required by Rule 37.3. This court has held that Rule 37.3(a) is mandatory and requires written findings. *See, e.g., Scott v. State*, 351 Ark. 619, 96 S.W.3d 732 (2003); *Bilyeu v. State*, 337 Ark. 304, 987 S.W.2d 277 (1999); *Williams v. State*, 272 Ark. 98, 612 S.W.2d 115 (1981). It is elementary that this court cannot reach the merits of a postconviction claim for relief absent a circuit judge's written findings of fact because, on review, this court determines whether the findings are supported by a preponderance of evidence. *See Williams*, 272 Ark. at 99, 612 S.W.2d at 115-116. Unless the findings are clearly erroneous, they will be affirmed. *Id*. In short, without such specific findings, there can be no meaningful review.

This court has, on occasion, affirmed the denial of a Rule 37 petition notwithstanding the circuit judge's failure to make writ-

ten findings under Rule 37.3(a), but we have done so only in two circumstances: (1) where it can be determined from the record that the petition is wholly without merit, or (2) where the allegations in the petition are such that it is conclusive on the face of the petition that no relief is warranted. *Bilyeu*, 337 Ark. at 305, 987 S.W.2d at 277 (reversing and remanding where there were allegations contained in the petition for postconviction relief that were supported by assertions of fact that precluded summary dismissal); *see also Long v. State*, 294 Ark. 362, 742 S.W.2d 942 (1988) (affirming the denial of a Rule 37 petition notwithstanding the absence of trial court findings when we could determine from the record that the petition was without merit.) We conclude that none of Reed's points on appeal are so conclusive on the face of the petition or on the face of the record to show that no relief is warranted. We take this opportunity to emphasize that it is not incumbent on this court to scour the record in a Rule 37 appeal to determine if the petition is wholly without merit when there are no written findings. That is the circuit judge's function, if no hearing is held.

For these reasons, we reverse the circuit judge's order of dismissal and remand for compliance with Rule 37.3. It may well be that the circuit judge will want to hold a hearing on Reed's petition pursuant to Rule 37.3(c), following which he must make findings of fact and conclusions of law. If he does not conduct a hearing, he must make written findings for this court to review under 37.3(a).

Reversed and remanded.