Opinion Delivered: April 25, 2019 Rehearing Denied May 30, 2019
COURTNEY HUDSON GOODSON, Associate Justice *924 Roderick R. Williams appeals from the denial of his request for postconviction relief on a judgment convicting him of capital murder and other charges and imposing a life sentence without parole for the murder charge plus a consecutive term of years to be served on the other charges. Williams filed in the trial court a pro se petition under Arkansas Rule of Criminal Procedure 37.1 (2017) that the court denied without a hearing. Because we determine from the record before us that the trial court correctly found that the Rule 37.1 petition was wholly without merit, we affirm the denial of postconviction relief.
This court affirmed the judgment convicting Williams after his second trial on the charges. Williams v. State , 2011 Ark. 432, 385 S.W.3d 157 ( Williams II ). In the initial proceedings, this court reversed the convictions and remanded for a new trial, holding that the denial of a motion for mistrial was an abuse of discretion. Williams v. State , 2010 Ark. 89, 377 S.W.3d 168 ( Williams I ).
In Williams I , this court reviewed the denial of a motion for mistrial that was made following Harris's unsupported statement that Williams had been convicted of terroristic threatening for an incident involving her mother, and we reversed and remanded for a new trial. Williams I , 2010 Ark. 89, 377 S.W.3d 168. Prior to Williams's second trial, the State and the defense agreed that officers of the court and witnesses would refrain from using the word "trial" to prevent the jurors from learning that the case had already been tried. Despite the agreement, on cross-examination Harris alluded to "the last trial" during her testimony at the second trial. The trial court denied the defense motion for a mistrial that followed the remark. In Williams II , this court held that because the brief and unsolicited remark was not repeated, it was not so patently inflammatory that the trial court abused its discretion in failing to grant the motion for mistrial. Williams II , 2011 Ark. 432, 385 S.W.3d 157. We noted that, after the trial court denied the defense motion for mistrial, there was a discussion in which defense counsel agreed that no admonition should be given because it would only draw additional attention to the remark. Id.
In his Rule 37.1 petition, Williams alleged ineffective assistance of counsel on three bases. He asserted that trial counsel was ineffective for failing to request the admonition about Harris's remark referencing Williams's previous trial and for failing to question Harris about the statement that had warranted granting a mistrial in Williams I . Williams characterized Harris's statement in the first trial as perjury and contended that challenging Harris's incorrect statement that Williams was convicted of the charges was essential to discredit her testimony. Williams further alleged that appellate counsel was ineffective for failing to raise issues concerning adverse evidentiary rulings that limited *925 trial counsel's cross-examination of Harris about her "personal issues" concerning another woman with whom Williams also has a child.
In its order denying postconviction relief, the trial court found that Williams's Rule 37.1 petition was wholly without merit, that defense counsel had made reasonable tactical decisions, and that Williams had effective assistance of counsel during his trial. The court additionally found that Williams was afforded due process.
On appeal, Williams reasserts his ineffective-assistance claims. He also raises an additional issue alleging a due-process violation because the evidence at trial was not sufficient to show premeditation and deliberation, and he alleges error in the trial court's failure to hold a hearing on the Rule 37.1 petition or to appoint counsel for the Rule 37 proceedings.
This court reviews the trial court's decision on Rule 37.1 petitions for clear error. Gordon v. State , 2018 Ark. 73, 539 S.W.3d 586. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. Lacy v. State , 2018 Ark. 174, 545 S.W.3d 746, petition for cert. filed (U.S. Oct. 16, 2018) (No. 18-6344).
The trial court did not clearly err in denying the petition without a hearing and without appointing counsel. Rule 37.3(a) of the Arkansas Rules of Criminal Procedure (2017) delineates the procedure for summary disposition of a Rule 37.1 petition. Under Rule 37.3, the trial court has the discretion to deny relief without a hearing when it is conclusively shown on the record, or the face of the petition itself, that the allegations have no merit. Mancia v. State , 2015 Ark. 115, 459 S.W.3d 259. If it is conclusive on the face of the petition that no relief was warranted, then the trial court did not err in declining to hold an evidentiary hearing on a claim for relief. Beverage v. State , 2015 Ark. 112, 458 S.W.3d 243. Because, as explained below, all of Williams's claims in the petition were clearly without merit, the trial court was not required to conduct a hearing in order to deny relief.
Likewise, the trial court had discretion to appoint counsel under Arkansas Rule of Criminal Procedure 37.3(b) (2017), and in order to demonstrate an abuse of discretion by the trial court in declining to appoint counsel, an appellant must have made a substantial showing that his petition included a meritorious claim. Evans v. State , 2014 Ark. 6, 2014 WL 197783. This court has rejected the argument that the cases Williams cites require appointment of counsel, and because the petition was meritless, there was no abuse of discretion in that regard. Mancia , 2015 Ark. 115, 459 S.W.3d 259.
Williams raised three ineffective-assistance claims in the petition. Our standard for ineffective-assistance-of-counsel claims is the two-prong analysis set forth in Strickland v. Washington , 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Gordon , 2018 Ark. 73, 539 S.W.3d 586. The benchmark for judging a claim of ineffective assistance of counsel must be "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland , 466 U.S. at 686, 104 S.Ct. 2052. To prevail on a claim of ineffective assistance of counsel, the petitioner must show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced his defense. Gordon , 2018 Ark. 73, 539 S.W.3d 586. A court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional *926 assistance. Douglas v. State , 2018 Ark. 89, 540 S.W.3d 685. Unless a petitioner makes both showings, the allegations do not meet the benchmark on review for granting relief on a claim of ineffective assistance. McClinton v. State , 2018 Ark. 116, 542 S.W.3d 859.
The trial court found that defense counsel had made reasonable tactical decisions in representing Williams. Strategic decisions are outside the purview of Rule 37 proceedings if supported by reasonable professional judgment. Johnson v. State , 2018 Ark. 6, 534 S.W.3d 143. Counsel is allowed great leeway in making strategic and tactical decisions, and claims based on such a decision that was professionally reasonable at the time made, even when those decisions are improvident in retrospect, will not support relief. Lee v. State , 2017 Ark. 337, 532 S.W.3d 43.
Counsel's basis for not requesting an admonition was clear on the record, and this court has said many times that the decision not to request an admonition is largely a matter of trial strategy. Sims v. State , 2015 Ark. 363, 472 S.W.3d 107. As this court held in Williams II , the remark was not so patently inflammatory that a mistrial was warranted, and having lost the argument that it was, trial counsel could reasonably conclude that highlighting the remark further would result in more harm than benefit to the defense. There was no clear error in the trial court's finding that the decision not to call further attention to the remark was not ineffective assistance when Williams did not show that the strategy was outside the bounds of reasonable professional judgment. Id.
Similarly, counsel's decision not to question Harris about what Williams characterizes as perjury was also a professionally reasonable tactic. Because the remark that Harris had made was sufficiently prejudicial to have warranted a mistrial, it was not unreasonable for counsel to conclude that the potential damage from raising the matter during her testimony in the second trial was too great. Making the jury aware of the terroristic-threatening charges against Williams, which had been nol-prossed, could have far outweighed any potential benefit derived from attacking Harris's credibility with the fact that Williams was not, as Harris stated, convicted.
Williams's last claim of ineffective assistance in the Rule 37.1 petition alleged appellate counsel was ineffective for failing to challenge on appeal adverse evidentiary rulings that limited trial counsel's cross-examination of Harris about her "personal issues" concerning another woman with whom Williams had a previous relationship. The petitioner who claims that appellate counsel was ineffective bears the burden of making a clear showing that counsel failed to raise some meritorious issue on appeal. State v. Rainer , 2014 Ark. 306, 440 S.W.3d 315. The petitioner raising such a claim must establish that the issue was raised at trial, that the trial court erred in its ruling on the issue, and that an argument concerning the issue could have been raised on appeal to merit appellate relief. Id.
Williams identified certain objections made by the State at trial that the trial court sustained on the basis that the questions lacked relevance. He did not, however, set out an argument that appellate counsel could have made showing error by the trial court and establishing the relevancy of the questions; instead, he argues that counsel must have been permitted to fully develop any challenge to Harris's credibility. Williams made no showing that the relationship between Harris and the other woman would have any bearing on *927 the issue of Harris's credibility, only making a vague statement that Williams's past relationship with the woman had some bearing on Harris's motivation to testify falsely. Williams did not show what evidence would have been elicited from Harris if the defense had been permitted to ask the questions in order to establish that the evidence would have had a bearing on Harris's credibility.
Under our rules of evidence, only relevant evidence-that is, evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence-is admissible. Hill v. State , 2018 Ark. 194, 546 S.W.3d 483 ; see also Ark. R. Evid. 401 & 402 (2017). Williams's vague conclusory claim that the evidence was relevant to Harris's credibility was not sufficient to show that appellate counsel could have made a meritorious argument in order to demonstrate prejudice and satisfy the second prong of the Strickland test.
On appeal, Williams raises an additional claim concerning the sufficiency of the evidence. The State addresses the issue in its brief and correctly asserts that this type of claim is not cognizable in Rule 37 proceedings. See McClinton , 2018 Ark. 116, 542 S.W.3d 859 (holding that a direct challenge to the sufficiency of the evidence is not cognizable in Rule 37 proceedings). The issue was not, however, raised in Williams's Rule 37.1 petition.
This court does not address arguments that are raised for the first time on appeal. Swift v. State , 2018 Ark. 74, 540 S.W.3d 288. Appellants are bound by the arguments raised in the trial court and the scope and nature of those arguments as presented to the trial court. Id. Williams has not shown clear error in the summary denial of postconviction relief by the trial court because it is clear that the Rule 37.1 petition failed to raise a meritorious claim.
Affirmed.