Cite as 2020 Ark. 66

# SUPREME COURT OF ARKANSAS

**No.** CR–19–232

| | |
|---|---|
| KENNETH RAY MARSHALL<br><div align="right">APPELLANT</div><br>V.<br><br>STATE OF ARKANSAS<br><div align="right">APPELLEE</div> | **Opinion Delivered** February 20, 2020<br><br>PRO SE APPEAL FROM THE COLUMBIA COUNTY CIRCUIT COURT<br>[NO. 14CR-14-2]<br><br>HONORABLE HAMILTON H. SINGLETON, JUDGE<br><br><u>AFFIRMED</u>. |

## JOHN DAN KEMP, Chief Justice

Appellant Kenneth Ray Marshall appeals from the denial of his pro se petition for postconviction relief filed pursuant to Arkansas Rule of Criminal Procedure 37.1 (2018). In his petition, Marshall alleged that counsel ineffectively requested trial continuances without good cause or legal bases, which deprived him of his right to a speedy trial.

We will not reverse the trial court's findings granting or denying postconviction relief absent clear error. *State v. Herred*, 332 Ark. 241, 964 S.W.2d 391 (1998). A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the totality of the evidence, is left with the definite and firm conviction that a mistake has been committed. *Polivka v. State*, 2010 Ark. 152, 362 S.W.3d 918. Having reviewed the evidence and the findings of the trial court, we find no showing that the trial court clearly erred when it denied relief. We therefore affirm.

In June 2015, a Columbia County Circuit Court jury convicted Marshall of aggravated residential burglary and sentenced him as a habitual offender to a term of life imprisonment plus 360 months. We affirmed. *Marshall v. State*, 2017 Ark. 347, 532 S.W.3d 563. Marshall subsequently filed a timely Rule 37.1 petition alleging ineffective assistance of counsel.

The benchmark for judging any claim of ineffectiveness is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Thompson v. State*, 2019 Ark. 312, at 2, 586 S.W.3d 615, 620 (quoting *Strickland v. Washington*, 466 U.S. 668, 686 (1984)). The standard governing claims of ineffective assistance of counsel is the two-prong test established in *Strickland*. To prevail under *Strickland*, Marshall must show both that counsel's performance was constitutionally deficient and that he was prejudiced as a result. *Id*.

To establish deficient performance, Marshall must show that counsel's representation fell below an objective standard of reasonableness. *Id*. However, in reviewing counsel's performance, a court must indulge in a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id*. This presumption may be overcome only by showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Id*.

With respect to prejudice, Marshall must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id*. It is not enough to show that the errors had some conceivable effect on the

2

outcome of the proceeding. *Id*. Rather, the likelihood of a different outcome must be "substantial, not just conceivable." *Id*. at 3, 586 S.W.3d at 620 (quoting *Harrington v. Richter*, 562 U.S. 86, 112 (2011)). Unless both prongs are satisfied, it cannot be said that his conviction resulted from a breakdown in the adversarial process that rendered the result unreliable. *Id*. Accordingly, there is no reason for a court to address both components of the inquiry if the defendant makes an insufficient showing on one. *Id*.

In his first point on appeal, Marshall contends that the trial court did not hold a hearing and failed to make sufficient findings of fact to sustain its conclusions. The trial court concluded that Marshall had failed to demonstrate that counsel was deficient or that as a result of the alleged deficiencies, the outcome of the proceeding would have been different.[1] In sum, the trial court's conclusions were sufficient for review. In any event, when a petition for postconviction relief is denied without a hearing, Rule 37.3(a) requires that the trial court "shall make written findings to that effect, specifying any part of the files, or records that are relied upon to sustain the court's findings." *Henington v. State*, 2012 Ark. 181, at 9, 403 S.W.3d 55, 62. If the trial court fails to make such findings, it is reversible error, except in cases in which it can be determined from the record that the petition is wholly without merit or when the allegations in the petition are such that it is conclusive on the face of the

---

[1]The trial court also denied the Rule 37.1 petition on the basis that it exceeded ten pages. However, a review of the record shows that the body of the petition is ten pages in length; the additional page contains Marshall's verification and a certificate of service. This court has found that it is unreasonable to dismiss a Rule 37 petition under similar circumstances when only the signature and certificate of service exceeded the ten–page limitation. *See Sanders v. State*, 352 Ark. 16, 98 S.W.3d 35 (2003).

petition that no relief is warranted. *Id*. Here, it is clear from the record and from the allegations contained in the petition that Marshall's Rule 37.1 petition is without merit.

In his petition and in his arguments on appeal, Marshall contends that he was arrested on November 26, 2013, and was tried on June 17, 2015, which is 568 days between his arrest and his trial. According to Marshall, his attorney erroneously requested continuances without good cause or legal justification. Marshall further contends that the trial court erred by granting his counsel's requests.

Under Rule 28.1 of the Arkansas Rules of Criminal Procedure (2018), a defendant must be brought to trial within twelve months unless there are periods of delay that are excluded under Rule 28.3. *Gondolfi v. Clinger*, 352 Ark. 156, 98 S.W.3d 812 (2003). Rule 28.3(c) provides that "the period of delay resulting from a continuance granted at the request of defendant or his counsel" shall be excluded in computing the time for trial. Periods of time attributable to competency evaluations are likewise excludable in computing the time for trial. Ark. R. Crim. P. 28.3(a).

The record demonstrates that there was no speedy-trial violation because Marshall was brought to trial within the twelve months after several excludable time periods attributable to the defense are subtracted from the 568-day period. These excludable periods are specifically reflected in the trial court's docket entries: on February 6, 2014, defense counsel moved for a 133-day continuance to allow Marshall to participate in a "temporary violators program" within the Arkansas Department of Correction;[2] on October 2, 2014,

---

[2]Marshall was transferred to the Arkansas Department of Correction in December 2013 upon revocation of his parole.

4

another continuance was requested because the State offered a plea deal that included a proposed sentence of twenty years' imprisonment, and 63 days later on December 4, 2014, Marshall appeared in court and rejected the offer; following the plea rejection, another 67 days were excluded beginning on February 13, 2015, with a "fitness to proceed" order and ending on April 15, 2015, the date the results were filed.[3] Because these periods of delay were at the request of the defendant and included a period of time for the purpose of a competency evaluation, they are excludable. These excludable periods total 263 days, which, when subtracted from the 568 days, demonstrates that Marshall was brought to trial within 305 days from the date of his arrest. Therefore, Marshall has not shown that counsel failed to file a meritorious motion to dismiss based on a speedy-trial violation. Counsel is not ineffective unless a defendant is tried in violation of a speedy-trial right and counsel failed to raise the issue either at the trial level or on appeal. *See Camargo v. State*, 346 Ark. 118, 55 S.W.3d 255 (2001).

Marshall does not argue that counsel failed to raise a speedy-trial issue; rather, Marshall alleges that his attorney was ineffective by requesting the delays without a legal basis and contends that the trial court erred by granting the defense's requests. Allegations of trial court error are assertions that must be raised at trial and on direct appeal and are not cognizable in Rule 37.1 proceedings unless the error is such that it would void the judgment. *McClinton v. State*, 2018 Ark. 116, 542 S.W.3d 859. An alleged speedy-trial

---

[3]There are additional periods of delay that are attributable to Marshall but need not be addressed.

5

violation is not a defect sufficient to void a judgment. *State v. Wilmoth*, 369 Ark. 346, 255 S.W.3d 419 (2007).

Finally, even assuming that counsel's requests delayed Marshall's trial without a legal basis, Marshall fails to demonstrate that he was prejudiced as a result of counsel's alleged errors. As stated above, Marshall must demonstrate a substantial likelihood that counsel's errors changed the outcome of the proceedings. *Thompson*, 2019 Ark. 312, 586 S.W.3d 615. Here, Marshall fails to allege any facts demonstrating that the delay in his trial changed its outcome.

Affirmed.

HART, J., dissents.

**JOSEPHINE LINKER HART, Justice, dissenting.** I dissent. We must remand this matter to the circuit court for additional findings or a hearing on Marshall's Rule 37 petition, as it is not "conclusive on the face of the petition that no relief is warranted." If Marshall's trial counsel truly acceded to continuance after continuance when there was no basis for the defendant to take the time, and the sum of that time truly would have amounted to a violation of Marshall's speedy-trial rights, then Marshall may have a claim for ineffective assistance of counsel.

Rule 37.3 provides that an evidentiary hearing should be held in a postconviction proceeding unless the files and record of the case conclusively show that the prisoner is entitled to no relief. *Sanders v. State*, 352 Ark. 16, 98 S.W.3d 35 (2003). When a petition for postconviction relief is denied without a hearing, Rule 37.3(a) requires the circuit court to "make written findings to that effect, specifying any part of the files, or records that are

6

relied upon to sustain the court's findings." *Wooten v. State*, 338 Ark. 691, 1 S.W.3d 8 (1999). Without such specific findings, there can be no meaningful review. *Reed v. State*, 375 Ark. 277, 289 S.W.3d 921 (2008). If the trial court fails to make such findings, it is reversible error, except when it can be determined from the record that the petition is wholly without merit or the allegations in the petition are such that it is conclusive on the face of the petition that no relief is warranted. *See Rodriguez v. State*, 2010 Ark. 78.

Here, the circuit court did not hold a hearing on Marshall's petition, and its order did not contain specific findings regarding the allegations in Marshall's petition about his counsel's performance. Accordingly, I would remand for additional findings or a hearing on Marshall's petition.

I dissent.

*Kenneth R. Marshall*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Chris R. Warthen*, Ass't Att'y Gen., for appellee.