Cite as 2021 Ark. 98

# SUPREME COURT OF ARKANSAS

No. CR-20-176

| | | |
|---|---|---|
| RODNEY RAYBURN | | **Opinion Delivered:** April 29, 2021 |
| | APPELLANT | PRO SE APPEAL FROM THE CLEBURNE COUNTY CIRCUIT COURT [NO. 12CR-17-63] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE TIM WEAVER, JUDGE |
| | APPELLEE | AFFIRMED. |

**SHAWN A. WOMACK, Associate Justice**

Rodney Rayburn is serving a life sentence for raping his young daughter. He appeals the denial of petition for postconviction relief under Rule 37.1 of the Arkansas Rules of Criminal Procedure. We affirm.

I.

On July 9, 2015, Rayburn raped his eleven-year-old daughter at a Cleburne County campsite. Four days later, Arkansas State Police received a call from the child abuse hotline alleging that Rayburn had abused his daughter on numerous occasions. The child was interviewed by an Arkansas State Police investigator the following day. She described the assault at the campsite as well as other instances of sexual abuse committed by Rayburn while in Arkansas and Jefferson Counties.

Arkansas State Police notified prosecutors in Arkansas and Jefferson Counties of the investigation but failed to inform Cleburne County officials. In August 2015, Rayburn was arrested in Arkansas County. He was convicted of one count of rape and one count of criminal attempt to commit rape for crimes committed against his daughter within that jurisdiction. He was sentenced to a cumulative term of 480 months. The Arkansas Court of Appeals affirmed. *See Rayburn v. State*, 2018 Ark. 84, 542 S.W.3d 882.

The Cleburne County Sheriff's Department learned about the campsite rape in June 2016 after a status inquiry by the victim's grandmother. The county investigator spoke with Arkansas State Police, met with Rayburn's daughter, and visited the crime scene with the child. After taking a month and a half vacation, the investigator presented the file to the Cleburne County prosecutor. A felony information was filed on April 18, 2017, charging Rayburn with the rape of a child less than fourteen years of age. *See* Ark. Code Ann. § 5-14-103(a)(3)(A) (Supp. 2017). An arrest warrant immediately issued. Rayburn was served on January 12, 2018, and stood trial the following month. He was convicted of rape and sentenced as a habitual offender to life imprisonment without parole. We affirmed on direct appeal. *See Rayburn v. State*, 2019 Ark. 254, 583 S.W.3d 385.

This appeal arises from Rayburn's timely *pro se* petition for postconviction relief under Rule 37.1. In the petition, Rayburn alleged he was fraudulently induced into the "postconviction appellate process," and that he was entitled to appointed counsel for Rule 37 proceedings. He also claimed that the trial court and trial counsel failed to inform of him of the exact nature of the charges against him. Rayburn also asserted ineffective assistance of

counsel, claiming that counsel should have moved to quash the allegedly deficient criminal information.

In a five-page order denying relief, the circuit court found that trial counsel was not ineffective and any alleged deficiencies in counsel's representation would not have changed the outcome of the trial. It also concluded that Rayburn was aware of the nature of the charges pending against him. The court determined that he was properly charged by felony information and that the deputy prosecuting attorney had authority to conduct the prosecution on behalf of the State. Finally, the circuit court ruled that Rayburn was not entitled to a hearing as the petition and records conclusively showed he was not entitled to relief. This appeal followed.

II.

On appeal, Rayburn broadly contends that the circuit court erroneously found that counsel was not ineffective. He next argues entitlement to appointed counsel in Rule 37 proceedings because it is the "first-tier review" of ineffective assistance claims. For his final point, Rayburn argues he was entitled to a hearing on his petition and that circuit court's order was inadequate under Arkansas Rule of Criminal Procedure 37.3(c).

A trial court's denial of a Rule 37.1 petition will not be reversed unless the court's findings are clearly erroneous. *See Williams v. State*, 2019 Ark. 129, 571 S.W.3d 921. A finding is clearly erroneous when, although there is evidence to support it, the appellate court after reviewing the entire evidence is left with the definite and firm conviction that a mistake has been made. *Id.*

## A.

Rayburn first asserts ineffective assistance of trial counsel. Ineffective assistance of counsel claims are reviewed under the two-prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail under *Strickland*, a petitioner must show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced his defense. *See Williams v. State*, 2019 Ark. 289, at 3, 586 S.W.3d 148, 152–53. Unless the petitioner makes both showings, relief is not warranted. *Id.* A court need not address both components of the inquiry if the petitioner makes an insufficient showing on one. *Id.*

Counsel is presumed effective, and allegations without factual substantiation are insufficient to overcome that presumption. *See Henington v. State*, 2012 Ark. 181, 403 S.W.3d 55. Rayburn has the burden of overcoming the presumption by identifying specific acts and omissions that, when viewed from counsel's perspective at the time of trial, could not have been the result of reasonable professional judgment. *Id.* To demonstrate prejudice, the petitioner must show there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* Conclusory statements that counsel was ineffective cannot be the basis for postconviction relief. *Id.*

Rayburn argues that counsel failed to present any mitigating evidence at trial regarding the State's allegedly deceitful tactics in delaying the filing of his charges until he had been charged in another county. He further claims that counsel failed to inform him of the exact nature and cause of the accusation against him, failed to conduct an adequate

pretrial investigation, and failed to timely file pretrial motions to quash and dismiss the written information.

As an initial matter, Rayburn offers nothing more than cursory assertions regarding counsel's deficient performance and unreasonable strategic decisions. He broadly claims that he was denied a fair trial and impartial jury because counsel's errors were so serious. Conclusory statements that counsel was ineffective cannot be the basis for postconviction relief. *See Williams*, 2019 Ark. 289, 586 S.W.3d 148. Rayburn's conclusory claims regarding deficient performance in these generalized terms do not delineate the basis on which trial counsel could have been more proficient and made different strategic decisions. *E.g.*, *Dennis v. State*, 2020 Ark. 28, 592 S.W.3d 646.

Moreover, a pretrial motion to dismiss for a speedy-trial violation and a motion to dismiss for undue advantage were filed below and were reviewed on direct appeal. At that time, Rayburn alleged that not only had his right to speedy trial been violated but that there was an "undue advantage due to prosecutorial delay in filing in Cleburne County charges." *Rayburn*, 2019 Ark. 254, at 5, 583 S.W.3d at 388. As this court determined, there was no unnecessary delay by the prosecutor, and Rayburn did not suffer any prejudice "because [he] can only speculate about whether he would have received concurrent sentences if the State had filed rape charges simultaneously in all three counties." *Id.* Rule 37 does not allow an appellant to reargue points decided on direct appeal. *See Roberts v. State*, 2020 Ark. 45, 592 S.W.3d 675.

Rayburn contends that trial counsel did not inform him of the nature and cause of the charge against him. He claimed counsel fraudulently failed to inform him that the information was signed by a deputy prosecutor rather than the duly elected prosecutor. It is well settled that a deputy prosecutor, both at the time Rayburn was charged and currently, is authorized by statute to sign a felony information on behalf of the prosecuting attorney. Ark. Code Ann. § 16-21-113(c)(1) (Repl. 1999); *see also Davis v. Straughn*, 2020 Ark. 169. Moreover, the record shows that the charge against Rayburn was read in court during arraignment from the filed information. In any event, assertions of trial court error, even those of constitutional dimension, must be raised at trial. *See Ortega v. State*, 2017 Ark. 365, 533 S.W.3d 68. They cannot be raised for the first time under Rule 37.

In the same vein, Rayburn argues that trial counsel failed to conduct an adequate pretrial investigation. Had counsel done so, he claims counsel would have moved to dismiss and quash the felony information. Rayburn contends he should not be made to answer the charge of rape unless presented by a grand-jury indictment in lieu of a criminal information filed by the prosecuting attorney. He further claims it was a violation of our constitutional separation-of-powers doctrine for the trial court to exercise judicial power over the information filed by the deputy prosecuting attorney. We have previously held that a defendant has no constitutional right to be indicted by a grand jury and Amendment 21 to the Arkansas Constitution, which permits indictment by information, is constitutional. *See McClinton v. State*, 2018 Ark. 116, 542 S.W.3d 859. It is not ineffective assistance of counsel if counsel fails to file a motion that would not be meritorious. *See Reynolds v. State*, 2020 Ark.

174, 599 S.W.3d 120. We affirm the circuit court's conclusion that Rayburn failed to demonstrate deficient performance or prejudice under *Strickland*.

B.

Rayburn next argues that he was entitled to effective assistance of "direct appellate review counsel." He does not, however, contend that he was denied effective assistance of counsel on direct review. Indeed, Rayburn was represented by appointed counsel on direct appeal. His argument is instead centered on an alleged right to counsel during Rule 37 proceedings. Though Rayburn acknowledges there is no right to counsel in state collateral proceedings, he alleges an exception under *Douglas v. California*, 372 U.S. 353 (1963). According to Rayburn, *Douglas* requires appointed counsel when state collateral review is the first place a prisoner can present a challenge to his conviction. He argues Rule 37 meets this standard because it is the "first tier of review" available to pursue ineffective assistance of counsel claims.

Below, Rayburn claimed he was "fraudulently induced into the Post Conviction Appellate processes, in that he does *not* have a meaningful opportunity" to adequately prepare an ineffective assistance claim absent appointed counsel "on direct appeal." The circuit court did not rule on this argument. It is an appellant's obligation to obtain a ruling to preserve an issue for appellate review. *See Reams v. State*, 2018 Ark. 324, 560 S.W.3d 441. Because Rayburn failed to obtain a ruling from the circuit court on this issue, it is not preserved for review on appeal.

7

Moreover, it appears Rayburn has changed the nature and scope of his argument on appeal. Rayburn contends he was deprived of Rule 37 counsel in violation of the Sixth and Fourteenth Amendment to the United States Constitution. He is limited to the scope and nature of his arguments below and cannot raise new arguments on appeal. *Id.* In any event, there is no constitutional right to appointment of counsel to prepare a petition under Rule 37. *See Noble v. Sigler*, 351 F.2d 673 (8th Cir. 1965) (citing *Douglas v. California*, 372 U.S. 353 (1963)). We affirm on this point.

## C.

As his final point, Rayburn contends that the circuit court's five-page order denying postconviction relief was inadequate under Rule 37.3(a). He claims the order did not specify the parts of the record that formed the basis for the court's decision and failed to specifically address any of the grounds raised in his petition. Rayburn also contends he was entitled to an evidentiary hearing on the petition.

When a Rule 37 petition is denied without a hearing, the circuit court "shall make written findings to that effect, specifying any parts of the files, or records that are relied upon to sustain the court's findings." *See Marshall v. State*, 2020 Ark. 66, 594 S.W.3d 78; Ark. R. Crim. P. 37.3(a). Failure to make such findings is reversible error except when it can be determined from the record that the petition is wholly without merit or when it is conclusive on the face of the petition that no relief is warranted. *Id.*

The circuit court's order included the requisite findings and is sufficient for review. In concluding that Rayburn's counsel was not ineffective, the circuit court pointed to

multiple motions filed by counsel and discussed counsel's representation throughout the case. The order also outlined the applicable law regarding Rayburn's claims and concluded that Rayburn failed to demonstrate either *Strickland* prong. Moreover, the petition and record conclusively show that Rayburn is not entitled to relief and thus an evidentiary hearing was not warranted.

Affirmed.

*Rodney W. Rayburn*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.