Cite as 2022 Ark. 21

# SUPREME COURT OF ARKANSAS
No. CR–21–22

| | |
|---|---|
| CAMERON SCOTT HALLIBURTON<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered:** February 10, 2022<br><br>PRO SE APPEAL FROM THE MILLER COUNTY CIRCUIT COURT<br>[NO. 46CR-18-23]<br><br>HONORABLE CARLTON D. JONES, JUDGE<br><br><u>AFFIRMED</u>. |

**JOHN DAN KEMP, Chief Justice**

Appellant Cameron Scott Halliburton brings this pro se appeal from the circuit court's denial of his petition for postconviction relief that was raised pursuant to Rule 37.1 of the Arkansas Rules of Criminal Procedure (2020). In denying and dismissing the petition, the circuit court found that the criminal information was not deficient and that trial counsel was not ineffective. On appeal, Halliburton argues only that the criminal information failed to comply with article 7, section 49 of the Arkansas Constitution. We affirm the circuit court's denial of relief.[1]

## I. *Facts*

Halliburton was convicted by a Miller County jury of first-degree murder in the death of Jarrod Klein and was sentenced to life imprisonment. Halliburton appealed his

---

[1]Halliburton has waived appellate review of his ineffective-assistance-of-counsel claims because he has abandoned them on appeal. *See Lowery v. State*, 2021 Ark. 97, 621 S.W.3d 140.

conviction and sentence, and we affirmed. *Halliburton v. State*, 2020 Ark. 101, 594 S.W.3d 856.

## II. *Claim for Relief*

On appeal, as he did below, Halliburton contends that the criminal information failed to comply with article 7, section 49 of the Arkansas Constitution in that the criminal information lacked a "bear test" and was not signed by a circuit clerk. Halliburton claims that this created a jurisdictional defect that deprived the circuit court of the power to act, and that any resulting sentence is illegal and void. He is mistaken.

A circuit court's denial of a Rule 37.1 petition will not be reversed unless its findings are clearly erroneous. *Williams v. State*, 2019 Ark. 129, 571 S.W.3d 921. A finding is clearly erroneous when, although there is evidence to support it, the appellate court after reviewing the entire evidence is left with the definite and firm conviction that a mistake has been made. *Id*.

Allegations of a defective information are not generally considered to be jurisdictional. *Rea v. State*, 2021 Ark. 134. The insufficiency of an indictment or information must be challenged prior to trial, or any constitutional basis for appellate review will be waived. *Jones v. State*, 2009 Ark. 308 (per curiam). Halliburton's argument is a challenge to the sufficiency of his criminal information. This challenge must be raised prior to trial to be preserved for appellate review and is not to be raised for the first time in a Rule 37.1 postconviction proceeding. *Rea*, 2021 Ark. 134; *see generally Rayburn v. State*, 2021 Ark. 98, 622 S.W.3d 155 (Assertions of trial error must be raised at trial and cannot be raised for the

2

first time under Rule 37.). For the foregoing reasons, we affirm the circuit court's denial of Halliburton's petition for Rule 37.1 postconviction relief.

Affirmed.

*Cameron Scott Halliburton*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for appellee.