Cite as 2022 Ark. 165

# SUPREME COURT OF ARKANSAS

No. CR-22-39

|  |  |
|---|---|
| MATTHEW RYAN ELLIOTT<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered: September 22, 2022<br><br>PRO SE APPEAL FROM THE COLUMBIA COUNTY CIRCUIT COURT<br>[NO. 14CR-00-39]<br><br>HONORABLE DAVID W. TALLEY, JR., JUDGE<br><br>AFFIRMED. |

**BARBARA W. WEBB, Justice**

Appellant Matthew Ryan Elliott appeals the denial of his petition for postconviction relief pursuant to Rule 37.1 of the Arkansas Rules of Criminal Procedure. For reversal, Elliott contends that the trial court erred by denying an instruction given to other similarly situated defendants in violation of his right to equal protection, due process, and fundamental fairness; he was entitled to a proffered irretrievable-depravity instruction; his guilty plea and conviction are void; and the trial court lacked authority because the capital-murder statute in effect at the time of his plea was unconstitutional. We affirm the trial court's denial of postconviction relief.

## I. *Standard of Review*

A trial court's denial of a Rule 37.1 petition will not be reversed unless the trial court's findings are clearly erroneous. *Williams v. State*, 2019 Ark. 129, 571 S.W.3d 921. A finding

is clearly erroneous when, although there is evidence to support it, the appellate court after reviewing the entire evidence is left with the definite and firm conviction that a mistake has been made. *Id.*

## II. *Background*

On April 19, 2000, Elliott, who was sixteen at the time of the offense, pleaded guilty to capital murder and received a mandatory sentence of life imprisonment without the possibility of parole. Following the decision in *Miller v. Alabama*, 567 U.S. 460 (2012), Elliott's sentence of life imprisonment without parole was vacated, and the matter was remanded to the trial court for resentencing. *Elliott v. State*, 2019 Ark. 162. On February 28, 2020, Elliott was sentenced to life imprisonment.

Elliott appealed from the new sentencing order, arguing that the appropriate sentencing range was a term of ten to forty years, not a term of ten to forty years, or life; he was entitled to a finding that he was permanently incorrigible and that the jury be so instructed before he be sentenced to life imprisonment; and the trial court erred by sustaining the State's objection to a witness's testimony regarding Elliott's rehabilitation in relation to the rehabilitation of other inmates. After examining the record in compliance with Arkansas Supreme Court Rule 4-3(a), we affirmed. *Elliott v. State*, 2021 Ark. 114.[1]

On July 22, 2021, Elliott filed a Rule 37.1 petition for postconviction relief in the trial court. The trial court noted that, of the nine grounds raised by Elliott, the first four

---

[1]The mandate issued on June 8, 2021.

grounds related to the sentencing hearing held in February 2020, and the last five grounds argued points related to his guilty plea from April 2000. The trial court entered an order denying relief on September 21, 2021.

### III. *Elliott's Claims for Relief*

### A. Timeliness of Petition

As an initial matter, the State contends that this court need not address any of Elliott's arguments because the Rule 37.1 petition was not timely filed pursuant to Rule 37.2(c)(i), arguing that Elliott's petition was not filed within ninety days of entry of judgment of his April 19, 2000, guilty plea, and his postconviction petition was not filed until July 22, 2021. Elliott counters by arguing that pursuant to Rule 37.2(c)(iv), the time for filing a Rule 37.1 petition, if an appellate court affirms a conviction but reverses the sentence, is within sixty days of a mandate following an appeal taken after resentencing. In response, the State claims that Rule 37.2(c)(iv) applies only when an appeal was taken from the judgment of conviction and not when, as in this matter, the conviction was obtained on a plea of guilty. We find that the petition was timely filed.

Elliott initially appealed from the Columbia County Circuit Court's order denying him a resentencing hearing and imposing a life sentence with parole eligibility pursuant to the Fair Sentencing of Minors Act of 2017 (FSMA). *Elliott*, 2019 Ark. 162. Because it was determined that the FSMA did not apply to Elliott, the matter was reversed and remanded so that Elliott could present *Miller* evidence for consideration upon resentencing. Elliott was

3

subsequently resentenced and thereafter sought an appeal of the resentencing order entered in February 2020. *Elliott*, 2021 Ark. 114.

Rule 37.2(c)(iv) states:

If the appellate court affirms the conviction but reverses the sentence, the petition must be filed as provided in subsection (ii) within sixty (60) days of a mandate following an appeal taken after resentencing. If no appeal is taken after resentencing, then the petition must be filed as provided in subsection (i) with the appropriate circuit court within ninety (90) days of the entry of the judgment.

Contrary to the State's contention otherwise, there is no limiting language that once the conviction is affirmed on appeal, any following appeal taken after resentencing be from a judgment of conviction as opposed to a sentencing order. Rule 37.2(c)(iv) appears to include this precise scenario in which an appellant in a *Miller* case may seek Rule 37.1 postconviction relief regarding a sentencing order entered after a reversal and remand. Pointedly, *Miller* cases do not address the validity of the underlying conviction and instead focus on the Eighth Amendment's prohibition against a sentencing scheme that mandates life in prison without the possibility of parole for juvenile homicide offenders. *See Miller*, 567 U.S. 460. In Elliott's case, his sentence was reversed and remanded, leaving the conviction untouched—as Rule 37.2(c)(iv) dictates. Elliott subsequently appealed the sentencing order entered on February 28, 2020, and he timely filed a Rule 37.1 petition within sixty days of the mandate that issued following his appeal.

B. Procedurally Barred Grounds

4

Elliott raises eight arguments on appeal. Some of the grounds he raises on appeal, as he did below, are not properly raised with respect to a Rule 37.1 postconviction challenge to Elliott's February 28, 2020, sentencing order. On appeal, Elliott contends that he was denied an instruction given to other similarly situated defendants, which (1) violated his fundamental rights, including his right to equal protection as guaranteed by the Fourteenth Amendment and article 2 of the Arkansas Constitution; (2) violated his right to due process as guaranteed by the Fifth and Fourteenth Amendments and article 2 of the Arkansas Constitution; and (3) violated his right to fundamental fairness and evenhanded justice guaranteed by the Fourteenth Amendment and its Arkansas Constitution counterparts. Elliott also contends he was entitled to the proffered irretrievable-depravity instruction because it was a correct statement of the law.

Elliott further argues that his guilty plea and conviction are void because (1) there was a lack of due process; (2) his plea was not made voluntarily, intelligently, or understandingly in violation of the Fifth and Fourteenth Amendments; and (3) his plea was not made on the advice of competent counsel in violation of the Sixth Amendment and its Arkansas Constitution counterparts. Finally, Elliott argues that the circuit court abused its discretion and lacked jurisdiction over his case because the capital-murder statute in effect at the time of his plea and conviction was unconstitutional.

Elliott's challenges to his underlying guilty plea and conviction are not properly before this court in this Rule 37.1 appeal. Pursuant to Rule 37.2(c)(iv), Elliott may challenge the resentencing under Rule 37.1. However, the remand and resentencing ordered pursuant

5

to *Miller* did not affect Elliott's conviction and plea of guilty, and as such, any challenge to his plea of guilty should have been raised in a petition claiming relief under the rule filed in the appropriate circuit court within ninety days of the date of entry of the original judgment. *See* Ark. R. Crim. P. 37.2(c)(i) (2000). As a result, the void guilty-plea claims are procedurally barred by the particular posture of this Rule 37.1 appeal.

Elliott's argument regarding the trial court's abuse of discretion or lack of jurisdiction was completely undeveloped below, yet he has greatly expanded the argument on appeal. An appellant is limited to the scope and nature of the claims raised below in a Rule 37.1 proceeding and cannot raise new arguments on appeal. *Roos v. State*, 2019 Ark. 360, 588 S.W.3d 738. Moreover, in his petition below, Elliott argued that his plea was void because "he waived his constitutional rights under the influence of considerations that the government could not properly introduce." Notwithstanding the conclusory, one-sentence argument raised below, he has failed to raise the argument on appeal, and the argument is considered abandoned. *See Sylvester v. State*, 2017 Ark. 309, 530 S.W.3d 346.

## C. Irretrievable-Depravity Instruction

Elliott contends that an irretrievable-depravity instruction should have been given during his resentencing not only because he claims it is a correct statement of the law, but also because this court has recognized *Miller* defendants as a "similarly situated" class entitled to the same relief, and because two of his codefendants proffered the same instruction, he

should have been afforded the same instruction.[2] In making this claim, he argues that several of his constitutional rights were violated. The trial court found that the denial of the instruction had been addressed and affirmed on appeal and that Rule 37 was not intended to provide a method for addressing issues properly considered on appeal. We agree.

Elliott has already argued the irretrievable-depravity or permanent-incorrigibility jury-instruction issue before this court on direct appeal from the February 2020 order. The proffered jury instruction without the defense's additional language was found to accurately reflect the law in Elliott's case,[3] and a jury instruction on the issue of permanent incorrigibility or irretrievable depravity was not required in Elliott's case. *Elliott*, 2021 Ark. 114; *see Ventry v. State*, 2021 Ark. 96; *see also Jones v. Mississippi*, 593 U.S. ___, 141 S. Ct. 1307 (2021). The irretrievable-depravity-instruction issue clearly has been addressed by this court, and Rule 37 does not provide an opportunity to reargue settled points. *Reams v. State*, 2018 Ark. 324, 560 S.W.3d 441.

Separating Elliott's Rule 37 claims related to his conviction from those of his sentencing, we find no error. We affirm the denial of Rule 37 postconviction relief.

---

[2]Elliott's argument regarding the similarly situated *Miller* defendants appears to be a broad application of this court's holding in *Kelley v. Gordon*, 2015 Ark. 277, at 6, 465 S.W.3d 842, 846, in which we stated, "It would be patently unfair to decline to [grant a new sentencing hearing to juvenile offenders sentenced to an unconstitutional mandatory sentence of life without the possibility of parole by the State of Arkansas] for other prisoners who are similarly situated."

[3]The *Miller* Court requires that the sentencing body "take into account how children are different." *Grubbs v. State*, 2020 Ark. 42, at 5, 592 S.W.3d 688, 691 (quoting *Miller*, 567 U.S. at 480).

Affirmed.

WOMACK, J., concurs without opinion.

*Matthew Ryan Elliot*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rachel Kemp*, Sr. Ass't Att'y Gen., for appellee.