Cite as 2025 Ark. 133

# SUPREME COURT OF ARKANSAS

**No.** CR–24–367

|  |  |
|---|---|
| JEFFERY ALLEN WORKMAN A/K/A JEFFREY WORKMAN<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered:** September 25, 2025<br><br>PRO SE APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, GREENWOOD DISTRICT [NO. 66GCR-21-26]<br><br>HONORABLE STEPHEN TABOR, JUDGE<br><br>AFFIRMED. |

**SHAWN A. WOMACK, Associate Justice**

Jeffery Allen Workman appeals the denial of his pro se petition for postconviction relief, filed pursuant to Arkansas Rule of Criminal Procedure 37.l (2021).[1] Because the trial court did not err when it held that the Rule 37.1 petition was untimely and thus procedurally barred, the order is affirmed.

## I. *Background*

Workman was convicted by a jury of first-degree murder, aggravated residential burglary, and second-degree battery. He was sentenced as an habitual offender to two life sentences and an additional 180 months' imprisonment for second-degree battery. We affirmed.[2] This court's mandate issued on December 28, 2023.

---

[1] Appellant Jeffery Allen Workman is also known as Jeffrey Workman.

[2] *Workman v. State*, 2023 Ark. 183.

## II. *Standard of Review*

A trial court's denial of a petition for postconviction relief will not be reversed unless the trial court's findings are clearly erroneous.[3] A finding is "clearly erroneous" when, although there is evidence to support it, the appellate court after reviewing the entire evidence is left with definite and firm conviction that a mistake has been made.[4]

## III. *Timeliness of the Petition*

Arkansas Rule of Criminal Procedure 37.1 provides an avenue for the trial court to grant postconviction relief under certain circumstances provided that the petition for relief is timely filed.[5] Rule 37.2(c)(ii) states that a petition under the Rule is untimely if not filed within sixty days of issuance of the appellate court's mandate affirming the judgment of conviction.[6] Workman's petition was filed 120 days after the mandate in his case had been issued, making it untimely under Rule 37.2(c)(ii).[7] The time limitations imposed in Rule 37.2(c) are mandatory, and the trial court may not grant relief on an untimely petition.[8] As Workman did not file his petition within the time limit set by the Rule, he was not entitled to relief under the Rule because the petition was procedurally barred.[9]

---

[3]Ark. R. Crim. P. 37.1; *Elliott v. State*, 2022 Ark. 165, 653 S.W.3d 776.

[4]*Id.*

[5]*Jackson v. State*, 2018 Ark. 209, 549 S.W.3d 346.

[6]The time limitations for proceeding under the Rule became effective January 1, 1991. *See Woodruff v. State*, 2024 Ark. 13, 682 S.W.3d 662.

[7]*Wesley v. State*, 2019 Ark. 270, 585 S.W.3d 156.

[8]*Maxwell v. State*, 298 Ark. 329, 767 S.W.2d 303 (1989).

[9]*Gardner v. State*, 2017 Ark. 230.

Workman argues that he was entitled to equitable tolling of the time limitations on filing a petition under the Rule because he was not informed that the mandate had been issued. We have held, however, that it is incumbent on a petitioner under the Rule to determine when the mandate was issued so that the petitioner may timely proceed under the Rule.[10]

Workman further contends that he is entitled to equitable tolling because he was denied due process by the trial court's failure to allow him to respond to the State's response to his petition; an evidentiary hearing was not held on his petition; there are comparable examples of equitable tolling in federal court proceedings; he did not have a complete transcript of his trial; his incarceration created delays in his ability to act; the evidence against him at trial was insufficient to sustain the judgment of conviction; and he was denied effective assistance of counsel. None of the claims is sufficient to overcome the fact that the late filing of Workman's petition rendered the petition procedurally barred by Rule 37.1(c)(ii). As stated, a trial court may not grant relief on an untimely Rule 37.1 petition because it is procedurally barred.[11]

Affirmed.

Special Justice JIM F. ANDREWS, JR., joins.

BRONNI, J., not participating.

*Jeffrey Workman*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Jacob Jones*, Ass't Att'y Gen., for appellee.

---

[10] *O'Brien v. State*, 339 Ark. 138, 3 S.W.3d 332 (1999) (per curiam).

[11] *Coakley v. State*, 2021 Ark. 32.