Cite as 2021 Ark. 97

# SUPREME COURT OF ARKANSAS

No. CR-20-553

|  |  |  |
|---|---|---|
| GERALD LOWERY | | Opinion Delivered: April 29, 2021 |
| | APPELLANT | |
| | | PRO SE APPEAL FROM THE MILLER COUNTY CIRCUIT COURT [NO. 46CR-18-46] |
| V. | | |
| | | HONORABLE CARLTON D. JONES, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | |
| | | AFFIRMED. |

**ROBIN F. WYNNE, Associate Justice**

Gerald Lowery appeals from the trial court's denial of his petition and amended petition for postconviction relief filed pursuant to Rule 37.1 of the Arkansas Rules of Criminal Procedure (2020). Lowery asserted that his attorneys, Kerry Wood and Jason Mitchell, failed to render effective assistance as his counsel. The trial court entered an order that addressed some but not all claims raised by Lowery and found them to be without merit under the standard set by *Strickland v. Washington*, 466 U.S. 668 (1984). On appeal, Lowery asserts that the trial court erred by failing to address certain claims and focuses his argument on those omitted claims. By failing to obtain a ruling on the omitted claims and by abandoning claims raised below but not in his appellate argument, Lowery has waived appellate review of most of his claims. With respect to the claims that have been preserved for review, we affirm the trial court's conclusions.

## I. *Background*

Lowery was convicted by a Miller County jury of rape and second-degree sexual assault of T.L., who was six years old at the time. He was sentenced to consecutive terms of life and 240 months' imprisonment. We affirmed. *Lowery v. State*, 2019 Ark. 332, 586 S.W.3d 644. The evidence at trial revealed that T.L. had moved with her mother, Rhonda Lamb, to Texarkana in 2004 and lived there through 2005. While living in Texarkana, T.L. and her mother shared an apartment with Lowery and his girlfriend, Roshaunda Gant. Lowery, Gant, and Lamb worked for the Kirby vacuum-cleaner company, engaged in door-to-door sales. *Id.* Lowery, who was a distributor, drove Lamb and Gant in a van to neighborhoods where they conducted the sales. T.L. sometimes went with them, and she stayed in the van with Lowery. *Id.* T.L. testified that on one occasion, Lowery asked her if she wanted to sit on his lap and pretend to drive. While T.L. sat on his lap, Lowery touched her "vaginal parts" with his hand over her clothing. *Id.* T.L. stated that she could feel his penis becoming erect and that Lowery then forced T.L. to perform oral sex. T.L. also testified that Lowery threatened her and the life of her mother if she told what had happened in the van that day. T.L. described other instances--in the van and in the apartment that she and her mother shared with Lowery--in which Lowery touched her inappropriately and forced her to perform oral sex.

During the trial, the court allowed the admission of testimony from Lowery's daughter, B.B., who testified that Lowery had inappropriately touched her when she was five or six years old. The prosecution also elicited testimony that Lowery's brother, Michael

Lowery, had told an investigator that Lowery had molested his daughter, M.N. However, M.N. testified and denied that Lowery had ever acted inappropriately and denied that she had made a statement to an investigator that Lowery had sexually abused her. On direct appeal, Lowery challenged the trial court's decision to allow cross-examination of him about his knowledge of the investigator's report describing M.N.'s statement. This court ruled that the trial court erred in allowing such cross-examination but found the error to be harmless. *Lowery*, 2019 Ark. 332, at 8, 586 S.W.3d at 649.

## II. *Standard of Review*

A decision on a petition for postconviction relief pursuant to Rule 37.1 will not be reversed unless the trial court's ruling is clearly erroneous. *Wesley v. State*, 2019 Ark. 270, 585 S.W.3d 156. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Id.*

## III. Strickland *Standard*

Our standard for ineffective-assistance-of-counsel claims is the two-prong analysis set forth in *Strickland*. *Reynolds v. State*, 2020 Ark. 174, 599 S.W.3d 120. Under the *Strickland* standard, to prevail on a claim of ineffective assistance of counsel, the petitioner must show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced his defense. *Id.* Unless a petitioner makes both showings, the allegations do not meet the benchmark on review for granting relief on a claim of ineffective assistance. *Id.*

3

Counsel is presumed effective, and allegations without factual substantiation are insufficient to overcome that presumption. *Id.* Petitioner has the burden of overcoming the presumption by identifying specific acts and omissions that, when viewed from counsel's perspective at the time of trial, could not have been the result of reasonable professional judgment. *Id.*

A court need not address both components of the inquiry if the petitioner makes an insufficient showing on one. *Id.* To demonstrate prejudice, the petitioner must show there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* Conclusory statements that counsel was ineffective cannot be the basis for postconviction relief. *Id.*

IV. *Claims Raised in the Rule 37.1 Petition*

Lowery raised the following claims of ineffective assistance of counsel in the petition filed in trial court: (1) Wood failed to promptly appear at a pretrial hearing on bond reduction and was not prepared; (2) Wood labored under a conflict of interest in that she had worked for a "child-advocacy group" prior to representing Lowery; (3) Wood sat apart from Lowery during voir dire and did not participate in questioning jurors; (4) both attorneys failed to subpoena B.B.'s medical, psychological, and school records and otherwise failed to investigate the case pending in Pulaski County connected to charges of sexual assault of B.B., which were later nolle prossed; (5) both attorneys failed to object to, or effectively confront the testimony of, a child-abuse expert who allegedly vouched for the credibility of B.B.; (6)

4

Mitchell failed to investigate and call key witnesses, including Lowery's other minor daughters; (7) Mitchell failed to object to hearsay testimony involving allegations that Lowery had sexually abused his niece, M.N.; (8) Mitchell failed to object to the presence in the courtroom of B.B.'s relative who was an employee of the prosecutor's office; (9) Mitchell failed to object to the prosecutor's closing arguments in which the prosecutor referred to Lowery in derogatory terms; and (10) Mitchell failed to object to the introduction of a false prior criminal record of Lowery for the offense of dog fighting.

In his argument on appeal, Lowery focuses on the failure of his counsel to investigate the allegations made by Lowery's daughter, B.B., and argues at length that B.B.'s testimony was not credible and was inadmissible at his trial. Lowery asserts that counsel failed to adequately challenge B.B.'s testimony. The trial court did not rule on allegations surrounding the admissibility and credibility of B.B.'s testimony but found that Lowery's allegations regarding counsel's failure to obtain B.B.'s medical and psychological records to be conclusory and without merit. Lowery contends on appeal that the trial court erred by failing to address the issues surrounding the admission of B.B.'s testimony.

This court has made clear that, when a trial court's order contains written findings on some, but not all, of the claims raised in proceedings below, it is the appellant's obligation to obtain a ruling on any omitted issues in order to preserve those issues for appeal. *Brown v. State*, 2017 Ark. 364. Moreover, this court has held that a request that the trial court modify its order to include an omitted issue does not constitute a request for rehearing that is prohibited by Rule 37.2(d). *Id.* The failure to obtain a ruling below bars review of the issue

5

on appeal. *Id.* (citing *Oliver v. State*, 323 Ark. 743, 918 S.W.2d 690 (1996)). It was Lowery's obligation to request rulings on that issue, and by failing to do so, Lowery has waived the issue that he now alleges should have been ruled on by the trial court. *Id.*

Lowery does not reassert on appeal his claims(1) that counsel failed to challenge the testimony of the child-abuse expert who Lowery alleged vouched for the credibility of B.B.; (2) that counsel failed to call key witnesses, including Lowery's minor daughters, to testify to his character; (3) that counsel failed to object to the introduction of a false prior criminal offense; and (4) that Wood failed to promptly obtain a bond reduction. Arguments made to the trial court but not included in the arguments on appeal are considered abandoned. *Id.* (citing *Jordan v. State*, 356 Ark. 248, 147 S.W.3d 691 (2004)).

### V. *Claims Preserved on Appeal*

Lowery made a claim regarding the admission of evidence in a report filed by Officer Kirkland stating that Lowery's niece, M.N., had been Lowery's victim when she was five years old. Lowery repeats the claim on appeal. The report was first introduced when the State called M.N. to testify, and she denied having told Kirkland that Lowery had sexually abused her and further denied that Lowery had ever acted inappropriately toward her. On cross-examination, the State asked Lowery if he was aware of Kirkland's report.

The claims made by Lowery are not clear with respect to Kirkland's report and the allegations regarding M.N. In the petition filed in the trial court, Lowery alleged that Michael Lowery should have been called to testify because it was Michael who initially reported the allegations regarding his daughter, M.N. On appeal Lowery argues that all

6

references to M.N. should have been excluded, that counsel failed to object, and that admission of such evidence during his criminal trial was prejudicial error. Lowery did not raise these arguments below, and there was no ruling on these expanded claims. Instead, the trial court denied the claim as a repetition of the same issue raised on direct appeal regarding the cross-examination of Lowery on his knowledge of Kirkland's report, which this court found to be harmless error. *Lowery*, 2019 Ark. 332, at 8, 586 S.W.3d at 649. This is the only claim preserved on appeal; however, it fails because Rule 37 does not allow an appellant to reargue points decided on direct appeal. *Kemp v. State*, 348 Ark. 750, 74 S.W.3d 224 (2002).

Lowery claimed in the petition filed in the trial court and on appeal that counsel failed to properly investigate B.B.'s claims. Lowery asserts that the Pulaski County prosecutor's decision to file a nolle prosequi in B.B.'s pending criminal case demonstrates that B.B.'s allegations were without merit and that an investigation by his counsel would have revealed the same.[1] As stated above, the trial court did not address this specific claim.

To the extent that this is a reassertion of the argument that counsel failed to investigate B.B.'s medical and psychological records, which was ruled on by the trial court, Lowery fails to demonstrate that counsel was ineffective or that he was prejudiced by

---

[1]A nolle prosequi is not a bar to a future prosecution for the same offense. *State v. C.W.*, 374 Ark. 116, 119, 286 S.W.3d 118, 120 (2008). Therefore, the fact that B.B.'s pending criminal case in Pulaski County was nolle prossed does not establish that B.B.'s claims were false.

counsel's alleged failure to investigate. The appeal record[2] reveals that testimony was introduced that B.B. had behavioral problems and was taken from her mother by child-protective services and placed with Lowery. Therefore, evidence that B.B. had a history of behavioral problems was presented to the jury. Moreover, B.B.'s medical and psychological records are privileged pursuant to Arkansas Rule of Evidence 503(b) (2019) and cannot be disclosed without B.B.'s consent. *Vaughn v. State*, 2020 Ark. 313, 608 S.W.3d 569. This court has rejected the claim that a defendant is entitled to access confidential records simply to aid in cross-examination. *Id.* Lowery has failed to explain how his counsel could have accessed those privileged records and has also failed to provide a legal basis for a court-ordered disclosure. A witness in a criminal case does not waive his or her privilege by testifying because the State, not the witness, is the party in a criminal proceeding. *Collins v. State*, 2019 Ark. 110, 571 S.W.3d 469. In view of the above, counsel was not ineffective in failing to obtain privileged records.

Lowery also claimed in his petition and on appeal that counsel was ineffective for failing to object to the presence in the courtroom of B.B.'s relative. B.B.'s relative was not a witness, and Lowery provided no legal basis for the relative's exclusion from the courtroom. Failure to make a meritless objection is not ineffective assistance of counsel. *Thompson v. State*, 2019 Ark. 312, 586 S.W.3d 615.

---

[2]This court may take judicial notice in postconviction proceedings of the record on direct appeal without the need to supplement the record. *Williams v. State*, 2019 Ark. 289, 586 S.W.3d 148.

Lowery further claims that counsel was ineffective for failing to object to the prosecutor's closing argument, which Lowery alleges included derogatory remarks about his character. Lowery alleged below that the prosecutor referred to him as a monster. However, the direct-appeal record does not bear this out. Instead, the record reveals that the prosecutor pointed out that the evidence demonstrated that Lowery had a proclivity for sexually assaulting young girls that are between the ages of five and six years. The evidence at trial created this inference from the testimony of T.L. and B.B. and Lowery's own testimony that he engaged in sexual behaviors with his younger sister beginning when she was six years old. There is no error when comments made during closing arguments are inferable from testimony at trial. *Williams*, 2019 Ark. 289, 586 S.W.3d 148. Furthermore, counsel are permitted to express their opinions to a jury so long as they do not purposely arouse passion and prejudice. *Id.* Because counsel may choose to refrain from objecting during opening statement and closing argument as a matter of trial strategy, absent egregious misstatements, the failure to object during closing argument and opening statement is within the wide range of permissible professional legal conduct. *Id.* The direct-appeal record does not establish that the prosecutor made egregious misstatements during closing argument.

Finally, Lowery claims that Wood labored under a conflict of interest that prejudiced the outcome of the trial. Lowery contended in his petition and in his argument on appeal that Wood had a conflict of interest because she had worked for a child-advocacy agency prior to representing Lowery and was outwardly hostile toward him. Specifically, Lowery alleged that she spoke to him in derogatory terms, did not sit close to him during voir dire,

9

and failed to participate in the process. An actual conflict of interest occurs when counsel represents the conflicting interests of third parties. *Townsend v. State*, 350 Ark. 129, 85 S.W.3d 526 (2002). Lowery argues that, due to Wood's conflict, prejudice is presumed. Lowery is mistaken.

In the absence of an actual conflict, a petitioner alleging that counsel's performance was deficient due to another form of conflict must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* (citing *Mickens v. Taylor*, 535 U.S. 162 (2002)); *see Winfield v. Roper*, 460 F.3d 1026 (8th Cir. 2006) (explaining that the rule presuming prejudice has not been extended beyond cases in which an attorney has represented more than one defendant). Therefore, as with any ineffective-assistance-of-counsel claim, Lowery had the burden of providing factual support to demonstrate that the alleged conflict of interest adversely affected counsel's performance. *Townsend*, 350 Ark. 129, 85 S.W.3d 526.

Lowery alleges that he was prejudiced by Wood's behavior during voir dire and during the trial such that her co-counsel, Mitchell, was compelled to explain her behavior to the jury during closing argument. The direct-appeal record demonstrates that Mitchell conducted Lowery's entire trial defense and that Mitchell explained to jurors during closing argument that Wood was tasked with taking notes, which was essential to Lowery's defense strategy. If Wood's purpose was to take notes and advise Mitchell, it was appropriate for her to sit next to Mitchell rather than Lowery during the course of the trial. In any event, Lowery fails to demonstrate that Wood's alleged hostile behavior had any impact on the outcome of the

10

trial, particularly in view of the overwhelming evidence of guilt that was noted by this court on direct appeal. *See Lowery*, 2019 Ark. 332, 586 S.W.3d 644. The trial court did not clearly err when it denied Lowery's Rule 37.1 petition.

Affirmed.

*Gerald Lowery*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kent Holt*, Ass't Att'y Gen., for appellee.