Cite as 2023 Ark. 36

# SUPREME COURT OF ARKANSAS
No. CR-22-496

| | | |
|---|---|---|
| TRAVIS PRICE | | **Opinion Delivered:** March 9, 2023 |
| | APPELLANT | PRO SE APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT |
| V. | | [NO. 35CR-16-253] |
| STATE OF ARKANSAS | | HONORABLE JODI RAINES DENNIS, |
| | APPELLEE | JUDGE |
| | | <u>AFFIRMED</u>. |

**ROBIN F. WYNNE, Associate Justice**

Travis Price appeals the trial court's denial and dismissal of his petition for postconviction relief filed pursuant to Rule 37.1 of the Arkansas Rules of Criminal Procedure (2021). On appeal, Price contends that he is entitled to postconviction relief because trial counsel was ineffective for failing to investigate his case or interview witnesses, for failing to address and provide proof regarding his federal-parole status during his suppression hearing, and for failing to investigate mitigation evidence for sentencing. Because Price has not demonstrated entitlement to Rule 37.1 postconviction relief, we affirm the trial court's denial and dismissal of the petition.

A Jefferson County jury convicted Price of first-degree felony murder, two counts of aggravated robbery, and a felon-in-possession-of-a-firearm enhancement. Price was sentenced

as a habitual offender to an aggregate term of life imprisonment. We affirmed. *Price v. State*, 2019 Ark. 323, 588 S.W.3d 1.

We will not reverse the trial court's ruling on a petition for postconviction relief under Rule 37.1 unless it is clearly erroneous. *Sirkaneo v. State*, 2022 Ark. 124, 644 S.W.3d 392. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Williams v. State*, 2019 Ark. 129, 571 S.W.3d 921.

Our standard for ineffective-assistance-of-counsel claims is the two-prong analysis set forth in *Strickland v.* Washington, 466 U.S. 668 (1984). *Reynolds v. State*, 2020 Ark. 174, 599 S.W.3d 120. Under the *Strickland* standard, to prevail on a claim of ineffective assistance of counsel, the petitioner must show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced his defense. *Id.* Unless a petitioner makes both showings, the allegations do not meet the benchmark on review for granting relief on a claim of ineffective assistance. *Id.* To demonstrate prejudice, the petitioner must show there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.*

On appeal, Price contends that trial counsel was ineffective. Specifically, Price argues that trial counsel failed to investigate pretrial issues such as contacting and interviewing a critical eyewitness, Angela Davis; and that he failed to produce documentation that Price was under federal supervision at the time of his arrest, which was an issue that "grew to epic

2

proportions beyond prejudicial during Price's [ ] motion to suppress statement hearing." He further argues that trial counsel failed to investigate mitigation, interview potential witnesses, and prepare an adequate defense for the sentencing phase, particularly when he requested that counsel interview a witness, Galvester Walker, a close relative. Notably, Price's Rule 37.1 petition made general claims that trial counsel was ineffective for failing to conduct any independent investigation of the facts and circumstances of Price's case, interview any potential witnesses, or conduct an adequate investigation of mitigation to present in the sentencing phase. Price did file a "second amended petition" for postconviction relief;[1] however, the trial court found that Price failed to petition for leave to amend, and it did not make any findings on the merits of the amended petition,[2] such that the court's order

---

[1]In his second amended petition, Price argued that trial counsel failed to independently investigate his case and that trial counsel failed to investigate mitigation evidence for sentencing, including interviewing Walker and other character witnesses. Price raised additional grounds: trial counsel was ineffective during a suppression hearing by failing to follow through with objections by bringing out supporting documentation of Price's federal-parole status; trial counsel was ineffective for failing to state claims that required suppression of his pretrial statements; his convictions were obtained in violation of due process and double jeopardy; and his convictions violated the Sixth and Fourteenth Amendments.

[2]Our rules of criminal procedure do allow for the amendment of a Rule 37 petition, but only with leave of the court. Ark. R. Crim. P. 37.2(e). The record does not reflect that Price sought leave to amend, nor does he challenge the issue on appeal.

dismissing and denying relief was limited to the grounds filed in the original Rule 37.1 petition.[3]

Price's argument regarding trial counsel's failure to conduct a pretrial investigation—specifically, his failure to interview Angela Davis—is an argument greatly expanded on appeal. An appellant is limited to the scope and nature of the claims raised below in a Rule 37.1 proceeding and cannot raise new arguments on appeal. *Elliot v. State*, 2022 Ark. 165, 653 S.W.3d 776. In the same vein, Price's contention regarding trial counsel's failure to produce documentation that he was under federal supervision at the time of his arrest is being raised for the first time on appeal and will not be addressed. *See Winkle v. State*, 2016 Ark. 98, at 14–15, 486 S.W.3d 778, 788 (holding that an argument was not preserved for appellate review and this court was precluded from review on appeal where the trial court had not provided a ruling on the argument).

Under Rule 37.1, Price's assertion that his trial counsel was ineffective for failing to conduct an adequate pretrial investigation, must delineate the actual prejudice that arose from the failure to investigate and demonstrate a reasonable probability that the specific material that would have been uncovered without further investigation could have changed the outcome of the trial. *Gordon v. State*, 2018 Ark. 73, 539 S.W.3d 586. Neither conclusory

---

[3]Although the State argues that Price's failure to challenge the trial court's finding that the "form of the petition fails to comply with Rule 37.1(b) and is subject to dismissal[]" is fatal to his appeal, the trial court did proceed to address the merits of the petition in its order denying the petition and dismissing it with prejudice. *See Barrow v. State*, 2012 Ark. 197 (Rule 37.1(b) does not deprive a court of authority to rule on the merits of a petition if it elects to do so.).

statements nor allegations without factual substantiation are sufficient to overcome the presumption that counsel's representation was effective under the *Strickland* standard and cannot provide a basis for postconviction relief. *Id.* General assertions that counsel did not aggressively prepare for trial are not sufficient to establish a claim of ineffective assistance of counsel. *Wertz v. State*, 2014 Ark. 240, 434 S.W.3d 895.

Notwithstanding the claims that cannot be addressed on appeal, Price generally claims that counsel refused to interview potential witnesses after he asked counsel to do so and that counsel did not make an independent investigation of the facts and circumstances of the case and simply relied on the information in the State's file. The claim was conclusory and lacked the factual substantiation necessary to overcome the presumption that trial counsel's conduct falls within the wide range of reasonable professional assistance, and the argument did not provide a basis for postconviction relief. *Gordon*, 2018 Ark. 73, 539 S.W.3d 586.

Price argues that trial counsel was ineffective for failing to investigate mitigation evidence by not interviewing potential witnesses and refusing to prepare an adequate character defense. Price contends that Walker is a close relative who witnessed a "majority of the lessons, achievements, an[d] downfalls that Price has experienced throughout his life[,]" and should have been interviewed by counsel. Notwithstanding Price's claims of Walker's observations of his life, Price fails to present specific evidence to demonstrate that prejudice arose and establish a reasonable probability that the information Walker could

have provided would have changed the outcome of the trial. *Wertz*, 2014 Ark. 240, 434 S.W.3d 895.

Affirmed.

*Travis Price*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.