Cite as 2023 Ark. 60

# SUPREME COURT OF ARKANSAS

**No.** CR-22-461

| | | |
|---|---|---|
| LAVOYCE LEE WILDER | | **Opinion Delivered:** April 13, 2023 |
| | APPELLANT | APPEAL FROM THE PIKE COUNTY CIRCUIT COURT [NO. 55CR-19-72] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE TOM W. COOPER, JUDGE |
| | APPELLEE | |
| | | <u>REMANDED TO SETTLE THE RECORD</u>. |

**JOHN DAN KEMP, Chief Justice**

Appellant LaVoyce Lee Wilder appeals a Pike County Circuit Court order convicting him of two counts of rape, three counts of first-degree sexual assault, and two counts of sexual indecency with a child and sentencing him to concurrent sentences of two terms of life imprisonment, three terms of thirty years' imprisonment, and two terms of six years' imprisonment. For reversal, Wilder argues that the circuit court abused its discretion by admitting evidence under the pedophile exception to Rule 404(b) of the Arkansas Rules of Evidence, by denying his motion for mistrial, and by excluding evidence of the victims' prior sexual conduct under the rape-shield statute. He also contends that his case must be reversed and remanded for retrial because the record is insufficient. In accordance with Arkansas Rule of Appellate Procedure–Civil 6(e), made applicable to criminal proceedings pursuant to Arkansas Rule of Appellate Procedure–Criminal 4(a), we remand the matter to the circuit court to settle the record.

Arkansas Supreme Court Administrative Order No. 4(a) requires a complete record of all proceedings. It provides that "[t]he circuit court shall require the official court reporter to make a verbatim record of all proceedings[.]" *See also* Ark. Code Ann. § 16-13-510(a) (Supp. 2021) (requiring "a complete record of the proceedings" in "all cases before a circuit court"). If anything material to either party is omitted from the record, by error or by accident, we may direct that the omission be corrected and, if necessary, that a supplemental record be certified and transmitted. *See* Ark. R. App. P.–Civ. 6(e); *Hyatt v. State*, 2017 Ark. 296, at 1–2. Further, Arkansas Supreme Court Rule 4-3(a) provides that "[w]hen the sentence is death or life imprisonment, the Court must review all errors prejudicial to the appellant in accordance with [Arkansas Code Annotated section] 16-91-113(a)."

Here, prior to Wilder's trial, the circuit court held an in camera rape-shield hearing. The record reveals that portions of the rape-shield hearing were not recorded or transcribed because of a purported malfunction with the court reporter's equipment. The Court Reporter's Note in the record states,

> Due to a malfunction in equipment, the Court Reporter was unable to extract all of the audio from small portions of the proceedings held in camera. These portions have been noted in that portion of this transcript with (indiscernible).

The rape-shield hearing in the record contains the term "(indiscernible)" repeatedly throughout statements by counsel and the circuit court. We cannot discern how much of the transcript was omitted, and at least one ruling is missing. In its brief, the State maintains that "the [circuit] court's denial of Wilder's motion [to exclude evidence] can be inferred from the available transcript of the in camera rape-shield hearing" and by the subsequent clarification of its ruling prior to opening statements. There, the circuit court stated, "I want

2

to add something to my ruling in chambers under the rape shield argument from the defendant[,]" but the record before us does not contain the circuit court's ruling from the rape-shield hearing, nor does it contain the full arguments presented by counsel prior to that ruling. Because this court must conduct a review of the record for adverse rulings and any prejudicial errors pursuant to Rule 4-3(a), it is impossible to do so without resorting to an inference of indiscernible portions missing from the record. Thus, in its current state, the record is insufficient for our appellate review. Accordingly, we remand this matter to the circuit court to settle the record.

We also direct the circuit court to prepare and transmit to this court within thirty days of the date of this opinion a certified record that corrects any mistakes and omissions. During that time, the circuit court may hold a hearing on the matter.

Remanded to settle the record.

*Lassiter & Cassinelli*, by: *Michael Kiel Kaiser*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.