Cite as 2025 Ark. 88

# SUPREME COURT OF ARKANSAS

**No.** CR–24–390

| | | |
|---|---|---|
| LAVOYCE WILDER | | **Opinion Delivered:** May 29, 2025 |
| | APPELLANT | PRO SE APPEAL FROM THE PIKE COUNTY CIRCUIT COURT |
| V. | | [NO. 55CR-19-72] |
| | | HONORABLE TOM COOPER, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED. |

**COURTNEY RAE HUDSON, Associate Justice**

Appellant Lavoyce Wilder was convicted of two counts of rape, three counts of first-degree sexual assault, and two counts of sexual indecency with a child, for which he was sentenced to two terms of life imprisonment, three terms of thirty years' imprisonment, and two terms of six years' imprisonment, respectively, to run concurrently. Wilder appealed, and this court affirmed his convictions and sentences. *Wilder v. State*, 2023 Ark. 137, 675 S.W.3d 424. Wilder now appeals the denial and dismissal of his petition for postconviction relief, which he filed pursuant to Arkansas Rule of Criminal Procedure 37.1 (2023). For reversal, Wilder argues that the "State erred" by denying his motions for directed verdict, when it withheld evidence in violation of *Brady v. Maryland*, 373 U.S. 863 (1963), and when it amended charges after Wilder's trial was over. Wilder further argues that the sentencing order is invalid on its face; the prosecutor admitted false evidence and testimony; and his trial counsel was ineffective, which denied him a fair, fundamental, and constitutional trial.

Wilder has failed to demonstrate that he is entitled to Rule 37.1 relief, and we affirm the denial of relief.

We will not reverse the trial court's ruling on a petition for postconviction relief under Rule 37.1 unless it is clearly erroneous. *Price v. State*, 2023 Ark. 36, 660 S.W.3d 316. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Lane v. State*, 2019 Ark. 5, at 4, 564 S.W.3d 524, 529.

Our standard for ineffective-assistance-of-counsel claims is the two–prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Reynolds v. State*, 2020 Ark. 174, 599 S.W.3d 120. Under the *Strickland* standard, to prevail on a claim of ineffective assistance of counsel, the petitioner must show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced his defense. *Id*. Unless a petitioner makes both showings, the allegations do not meet the benchmark on review for granting relief on a claim of ineffective assistance. *Id*. To demonstrate prejudice, the petitioner must show there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt. *Id*. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id*.

Most of the claims Wilder raises on appeal were not raised below at all. In his petition below, Wilder argued that trial counsel was ineffective for myriad reasons: failing to preserve the record and provide witness statements; restricting Wilder from contact with the Arkansas State Police; failing to provide evidence exposing the victims' motive for accusing Wilder; failing to introduce evidence of a public campaign to seek vigilante justice; failing to

2

recognize that a witness was a "malicious" witness; failing to call key witnesses; failing to challenge the testimony of Wilder's ex-wife; failing to provide evidence that a potential exculpatory witness was threatened and did not testify at trial; failing to impeach the testimony of a witness who "had a healthy and positive relationship" with Wilder but testified against him; and generally failing to present supporting witness statements. Wilder further claimed that counsel was ineffective for the following reasons: making inappropriate and unprofessional comments and having issues with counsel's hearing-aid malfunctions; failing to contradict evidence regarding the age of one of the victims, challenge expert witnesses, and introduce evidence regarding Wilder's health condition; advising Wilder against a plea; and rejecting credible witnesses that Wilder felt were crucial to present his case. Wilder also made allegations regarding the denial of his right to speedy trial, the denial of a fair and impartial jury, and prosecutorial misconduct. After a hearing on the petition, the trial court found that only two of Wilder's assertions should be addressed individually because his claims were primarily ineffective-assistance-of-counsel claims regarding trial-strategy decisions and did not demonstrate entitlement to relief. Regarding his first ground for relief, the trial court found that trial counsel could not anticipate that a witness would have a stroke and be unable to testify and that even if the witness had been able to testify, his testimony would not have changed the outcome of the trial. The trial court further found that Wilder failed to prove that trial counsel's hearing-aid malfunction had any effect on the outcome of the trial. The trial court denied relief, finding that Wilder had failed to prove how any of the allegations would have changed the outcome of the trial, failed to

3

prove the allegations of prosecutorial misconduct and the denial of a fair and impartial jury, and that the allegation of a speedy-trial violation does not fall under Rule 37.1.

An appellant is limited to the scope and nature of the claims raised below in a Rule 37.1 proceeding and cannot raise new arguments on appeal. *Price*, 2023 Ark. 36, 660 S.W.3d 316. When an argument is raised for the first time on appeal, this court will not address it. *Id*. The failure to obtain a ruling on an issue at the trial court level, including a constitutional issue, precludes review on appeal. *See Winkle v. State*, 2016 Ark. 98, 486 S.W.3d 778. The majority of Wilder's claims were not raised below. Wilder's arguments regarding the directed-verdict motions, the *Brady* violation, the amended charges, and an invalid sentencing order[1] are raised for the first time on appeal and were not ruled on by the trial court. Therefore, we do not address them.

Wilder's claim that the prosecutor admitted false evidence and testimony is arguably a claim of prosecutorial misconduct; however, the argument on appeal is substantially different from the claim raised below in which Wilder argued that the prosecutor sought to "pin" the crimes on him and was biased against him. Wilder has changed the scope and nature of his prosecutorial-misconduct claim. *See Price*, 2023 Ark. 36, 660 S.W.3d 316. Nevertheless, Rule 37.1 does not provide a remedy for issues that could have been raised at

---

[1]Wilder vaguely argues that he was prejudiced by an alleged amendment to his charges that resulted in his being sentenced to the maximum sentence for a Class B felony. The general rule is that a sentence imposed within the maximum term prescribed by law is not illegal on its face. *Edwards v. State*, 2017 Ark. 207, 521 S.W.3d 107. Essentially, Wilder claims that his sentence was imposed in an illegal manner on the basis of the purported change to the offense as he was charged. Notwithstanding Wilder's miscomprehension of the facts as they occurred and the conclusory nature of his claim, Wilder's claim lacks factual substantiation that he was prejudiced by the amendment. *See Carter v. State*, 2015 Ark. 166, 460 S.W.3d 781.

trial or argued on appeal,[2] and Wilder's prosecutorial-misconduct allegation cannot be raised in a Rule 37 proceeding.[3] *Williams*, 2019 Ark. 289, 586 S.W.3d 148; *Howard v. State*, 367 Ark. 18, 238 S.W.3d 24 (2006) (Allegation that prosecutor knowingly presented false testimony is an issue that should have been raised at trial and on direct appeal and is not a claim that may be raised for the first time in a Rule 37 petition.).

Wilder makes a general assertion that trial counsel was ineffective, which he claims resulted in a denial of his "basic fundamental rights and violated his Fifth and Sixth Constitutional Rights[.]" Wilder further "objects to his [c]ounsel's perjury and the prejudicial outcome[.]" In making this claim on appeal, Wilder refers to statements made by counsel when the matter was remanded on direct appeal to settle the record;[4] however, the exact manner in which counsel's statements are allegedly perjurious is unclear.

---

[2]This court may take judicial notice in postconviction proceedings of the record on direct appeal without the need to supplement the record. *Williams*, 2019 Ark. 289, 586 S.W.3d 148.

[3]With respect to his claim of a *Brady* violation, Wilder argues for the first time on appeal that evidence was withheld—specifically, photographs and text messages. An allegation of prosecutorial misconduct for failing to disclose evidence is an issue that should have been raised at trial, and a review of the direct-appeal record demonstrates it was. *Wilder*, 2023 Ark. 137, 675 S.W.3d 424. An issue that could have been raised on direct appeal is not a basis for a collateral attack under Rule 37 unless it presents a question so fundamental as to render the judgment of conviction absolutely void. *Burnett v. State*, 293 Ark. 300, 737 S.W.2d 631 (1987) (per curiam). Wilder does not present an issue sufficient to render the conviction void.

[4]The record did not contain the circuit court's ruling from the rape-shield hearing, nor did it contain the full arguments presented by counsel. *Wilder v. State*, 2023 Ark. 60. A supplemental record lodged with the court contained documents that included a pretrial motion to admit other sexual conduct and an accompanying offer of proof. During the hearing on remand, trial counsel stated he had filed the motion and offer of proof.

Conclusory statements that counsel was ineffective cannot be the basis for postconviction relief. *Howard*, 367 Ark. 18, 238 S.W.3d 24. To the extent Wilder's claim is an argument that trial counsel was ineffective for failing to call a witness[5] referenced during the rape-shield hearing, his argument fails. Claims regarding the decision of trial counsel to call a witness are generally matters of trial strategy and outside the purview of Rule 37.1. *Arnold v. State*, 2022 Ark. 191, 653 S.W.3d 781. When a petitioner alleges ineffective assistance of counsel for failure to call witnesses, it is incumbent on the petitioner to name the witness, provide a summary of the testimony, and establish that the testimony would have been admissible into evidence. *Id.* Here, because the trial court made rulings regarding the admissibility of testimony during the rape-shield hearing,[6] the testimony of the witness would not have been admissible, and Wilder fails to demonstrate prejudice. Wilder has failed to establish he is entitled to postconviction relief, and we affirm the trial court's order denying and dismissing the Rule 37.1 petition.

Affirmed.

Special Justice CORY COX joins.

BRONNI, J., not participating.

*LaVoyce Wilder*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.

---

[5]Wilder references an affidavit by this witness; however, the affidavit is not in the record on appeal in either this case or the direct-appeal record.

[6]On direct appeal, this court determined that the circuit court properly excluded evidence under the rape-shield statute. *Wilder*, 2023 Ark. 137, 675 S.W.3d 424.