Cite as 2025 Ark. 106

# SUPREME COURT OF ARKANSAS

No. CR–24–302

| | | |
|---|---|---|
| CLARENCE TURNBO | | **Opinion Delivered:** June 5, 2025 |
| | APPELLANT | |
| | | PRO SE APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIRST DIVISION [NO. 60CR-18-607] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE LEON JOHNSON, JUDGE |
| | APPELLEE | |
| | | AFFIRMED. |

**CODY HILAND, Associate Justice**

After a Pulaski County jury convicted Clarence Turnbo of rape, Turnbo appealed, and this court affirmed his conviction. *Turnbo v. State*, 2021 Ark. 166, 629 S.W.3d 797. Turnbo now appeals the denial of his petition for postconviction relief for ineffective assistance of counsel filed pursuant to Arkansas Rule of Criminal Procedure 37.1 (2023). Because Turnbo has not demonstrated that he is entitled to such relief, we affirm.

## I. *Standard of Review*

We will not reverse the trial court's ruling on a petition for postconviction relief under Rule 37.1 unless it is clearly erroneous. *Price v. State*, 2023 Ark. 36, 660 S.W.3d 316. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Lane v. State*, 2019 Ark. 5, at 4, 564 S.W.3d 524, 529.

## II. Strickland *Standard*

Our standard for ineffective-assistance-of-counsel claims is the two-prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Reynolds v. State*, 2020 Ark. 174, 599 S.W.3d 120. Under the *Strickland* standard, to prevail on a claim of ineffective assistance of counsel, the petitioner must show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced his defense. *Id*. Unless a petitioner makes both showings, the allegations do not meet the benchmark on review for granting relief on a claim of ineffective assistance. *Id*. To demonstrate prejudice, the petitioner must show there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt. *Id*. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id*.

## III. *Claims for Relief*

On appeal, Turnbo contends that trial counsel was ineffective and that he was entitled to an evidentiary hearing.[1] Specifically, Turnbo argues that trial counsel failed to impeach a witness regarding access to a video recording; to investigate or challenge DNA evidence; to seek testimony from either a medical expert or a person with personal knowledge of his sexual history to dispute the victim's claims; to object to the prosecutor's opening statement; to call Turnbo as a witness to testify on his own behalf; to investigate the victim's prior

---

[1]Turnbo also contends that the State filed a late response in the matter. Notwithstanding the lack of merit regarding Turnbo's claim, he failed to raise this argument below. This court will not address new or different arguments raised for the first time on appeal. *Price*, 2023 Ark. 36, 660 S.W.3d 316.

sexual history; and to "federalize" his arguments. None of Turnbo's claims establish he is entitled to Rule 37.1 postconviction relief.

## A. Video Recording

Turnbo argues that Detective Julie Eckert falsely testified regarding her attempts to gain access to a video recording and that trial counsel had the evidence to impeach her but failed to make a record of it. He further argues that the State violated *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to comply with the trial court's order to provide pictures of the DVR. Because Turnbo makes these arguments for the first time on appeal, this court will not address them. *Price*, 2023 Ark. 36, 660 S.W.3d 316.

## B. DNA Evidence

Turnbo contends on appeal, as he did in his petition below, that if the victim's DNA exam had been reviewed by a forensic DNA expert, he would have been found not guilty. Turnbo does not dispute the presence of his DNA; however, he claims that trial counsel was ineffective for failing to provide the jury with compelling evidence that no penetration with ejaculation occurred. The trial court determined that trial counsel *did*, in fact, challenge the DNA evidence, and noted that the evidence at trial showed that Turnbo's DNA was found on the victim's vaginal swabs and that Turnbo failed to demonstrate that he was prejudiced by trial counsel's failure to further challenge the DNA evidence. Trial counsel's decision to not seek further DNA testing after testing by the State indicated a match to Turnbo was a strategic decision that normally would not support an ineffective-assistance claim. Turnbo's claim consists of conclusory allegations of his own self-serving conjectures. Neither conclusory statements nor allegations without factual substantiation are sufficient to

3

overcome the presumption that counsel was effective. *See Gordon v. State*, 2018 Ark. 73, 539 S.W.3d 586. Moreover, any independent evidence or testimony would not have prevented the victim's own testimony about the rape. *See Clarks v. State*, 2011 Ark. 296 (per curiam). A victim's testimony alone provides sufficient evidence to support a rape conviction. *Doucoure v. State*, 2024 Ark. 162, 698 S.W.3d 643; *see Clarks*, 2011 Ark. 296.

## C. Expert Testimony

For his third argument, Turnbo contends that trial counsel failed to investigate, present exculpatory testimony, and make appropriate objections to medical testimony. Specifically, Turnbo alleges that counsel should have sought an expert or testimony from a witness with personal knowledge of his sexual history and proclivities—namely, his ex-wife—to testify in support of his claim that no penetration occurred. Turnbo argues that had counsel presented testimony to rebut the State's evidence, the outcome of the trial would have been different. With respect to a claim of ineffective assistance regarding trial counsel's decision whether to call a witness, such matters are generally trial strategy and outside the purview of Rule 37.1. *Arnold v. State*, 2022 Ark. 191, 653 S.W.3d 781. When assessing an attorney's decision not to call a particular witness, it must be taken into account that the decision is largely a matter of professional judgment that experienced advocates could endlessly debate, and the fact that a witness or witnesses could have offered testimony beneficial to the defense is not itself proof of counsel's ineffectiveness. *Id.*

## D. Opening Statement

Turnbo argues that the prosecutor's statement during opening that the victim was raped by Turnbo was prejudicial and that trial counsel was ineffective for failing to object.

4

Experienced advocates might differ about when, or if, objections are called for since, as a matter of trial strategy, further objections from counsel may result in comments seeming more significant to the jury. *Gay v. State*, 2022 Ark. 23. Because a lawyer may refrain from objecting during opening statement and closing argument, absent egregious misstatements, the failure to object during closing argument and opening statement is within the wide range of permissible professional legal conduct. *Id.* There is nothing in the record to demonstrate that the prosecutor made an egregious misstatement; rather, the prosecutor's statement was merely a reference to the offense as charged, and Turnbo failed to show that the verdict would have been different had counsel made a sustainable objection.[2]

### E. Right to Testify

Axiomatically, although Turnbo claimed that the prosecutor's statement made during opening would compel him to testify, he argues that trial counsel was ineffective for failing to call him as a witness because he had expressed a desire to testify to "convince the jury that he, rather than the alleged victim, was credible." The trial court found that Turnbo had acknowledged his right to testify on the record and that he failed to give a specific showing of prejudice because of his failure to testify, and we agree. Whether a defendant testifies is not a basis for postconviction relief. *Dansby v. State*, 347 Ark. 674, 66 S.W.3d 585 (2002). A criminal defendant has a right to testify on his own behalf if he so chooses. *Wertz v. State*, 2014 Ark. 240, 434 S.W.3d 895. Counsel may only advise the accused in making the

---

[2]A petitioner does not demonstrate the requisite prejudice for a claim of ineffective assistance based on counsel's failure to make an objection if he does not establish that counsel could have made a successful objection. *Lowe v. State*, 2012 Ark. 185, 423 S.W.3d 6 (per curiam).

decision, and the decision to testify is purely one of strategy. *Id*. Notwithstanding Turnbo's

acknowledgement that the right to testify is his own right to exercise,[3] Turnbo failed to

show what the omitted testimony would have been and how it could have changed the

outcome of the trial. *See Decay v. State*, 2014 Ark. 387, 441 S.W.3d 899. Moreover, to the

extent that Turnbo contends that his counsel's advice affected his decision whether to testify,

an attorney need not advance every argument urged by his client. *Id*. Although another

attorney might have chosen a different course—even if it proves unsuccessful—it is a matter

of professional judgment. *Id*. Turnbo has failed to demonstrate that the defense provided to

him by trial counsel was not supported by reasonable professional judgment.

## F. Rape-Shield Evidence

Although the issue of rape-shield evidence was addressed on direct appeal, Turnbo

argues that trial counsel was ineffective for failing to present evidence of the victim's prior

sexual history. The trial court noted in its order denying relief that the victim's alleged prior

sexual history was addressed during a pretrial hearing and that the information was found to

be inadmissible—a decision affirmed on appeal.[4] A proceeding under Rule 37.1 does not

allow a petitioner the opportunity to reargue points that were decided on direct appeal.

*Sartin v. State*, 2012 Ark. 155, 400 S.W.3d 694.

---

[3]Turnbo cited *Wainwright v. Sykes*, 433 U.S. 72 (1977), for the proposition that a decision whether to testify on one's behalf is ultimately for the accused to make.

[4]On direct appeal, this court found that the evidence Turnbo sought to admit fell within the purview of Rule 411 because Turnbo sought to admit "evidence of a victim's prior allegations of sexual conduct" to attack the victim's credibility, which is precisely what the rule addresses. *Turnbo*, 2021 Ark. 166, 629 S.W.3d 797.

## G. Federal Claims

Turnbo claims that counsel was ineffective for failing to "federalize" his motion regarding the admissibility of the victim's sexual history. Specifically, Turnbo contends that, although trial counsel made "rape shield" motions, they were based on state law and that federal habeas corpus requires that the motions be made under the U.S. Constitution as well. As has been noted, Turnbo failed to offer any persuasive argument that counsel made some error at trial that deprived him of effective assistance. Failure to preserve an issue for federal habeas review is not the prejudice contemplated by the *Strickland* test, which requires a reasonable probability that the outcome at trial or, in this case, on appeal, would have been different. *See Johnson v. State*, 356 Ark. 534, 157 S.W.3d 151 (2004).

## H. Evidentiary Hearing

Finally, Turnbo argues that he was entitled to a hearing on his Rule 37.1 petition.[5] Rule 37.3 of the Arkansas Rules of Criminal Procedure provides that an evidentiary hearing should be held in a postconviction proceeding unless the files and record of the case conclusively show that a prisoner is entitled to no relief. *Dennis v. State*, 2020 Ark. 28, 592 S.W.3d 646. If the files and record show that the petitioner is not entitled to relief, the trial court is required to make written findings to that effect. Ark. R. Crim. P. 37.3(a). Here,

---

[5]Turnbo argued that the trial court erred because it should have granted his motion for reconsideration regarding his request for an evidentiary hearing. However, Rule 37.2(d) states that no petition for rehearing shall be considered. In his motion for reconsideration, Turnbo did not seek a ruling on an omitted issue but rather only requested reconsideration for the lack of an evidentiary hearing. *See Lowery*, 2021 Ark. 97, 621 S.W.3d 140 (This court has held that a request that the trial court modify its order to include an omitted issue does not constitute a request for rehearing that is prohibited by Rule 37.2(d)).

the petition and record conclusively showed that Turnbo was entitled to no relief, and the trial court made the requisite findings. For the above-stated reasons, we affirm the trial court's denial of Turnbo's petition for postconviction relief without an evidentiary hearing.

Affirmed.

Special Justice SHANE HENRY joins this opinion.

BRONNI, J., not participating.

*Clarence Turnbo*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.