Cite as 2025 Ark. 151

# SUPREME COURT OF ARKANSAS

No. CR-24-753

|  |  |  |  |
|---|---|---|---|
| RICKY LEWIS NEAL | | **Opinion Delivered:** October 16, 2025 | |
| | APPELLANT | PRO SE APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTH DIVISION [NO. 60CR-21-616] | |
| V. | | | |
| STATE OF ARKANSAS | APPELLEE | HONORABLE KAREN D. WHATLEY, JUDGE | |
| | | <u>AFFIRMED</u>. | |

**KAREN R. BAKER, Chief Justice**

Appellant Ricky Lewis Neal appeals from the denial of his timely postconviction petition filed pursuant to Arkansas Rule of Criminal Procedure 37.1.[1] In December 2022, a Pulaski County jury convicted Neal of first-degree murder, for which he was sentenced as a violent-felony habitual offender to a term of life imprisonment. The conviction stemmed from the stabbing death of Neal's fiancée, Alice Cawley. Neal appealed, and we affirmed. *Neal v. State*, 2024 Ark. 16, 682 S.W.3d 672.

In the petition filed in the circuit court, Neal alleged the following ineffective-assistance-of-counsel claims: (1) counsel did not raise a speedy-trial motion; (2) counsel did not object to the admission of double hearsay contained in a voicemail that Cawley had left for State witness Michelle Grimes revealing Cawley's intention and state of mind on the day

---

[1]The mandate from the order affirming Neal's conviction was issued on April 18, 2024. Neal filed his Rule 37.1 petition within sixty days on June 4, 2024. Ark. R. Crim. P. 37.2(c) (2024).

of her death and that counsel failed to obtain a transcript of the voicemail; (3) counsel did not properly advise Neal of a plea offer; (4) counsel requested an Act III mental evaluation without Neal's permission; and (5) counsel did not properly investigate and failed to obtain Grimes's cell-phone records. The circuit court entered an order denying the petition. Neal appeals.

Our standard for ineffective-assistance-of-counsel claims is the two-prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Thomas v. State*, 2022 Ark. 12, 637 S.W.3d 268. Under the *Strickland* standard, to prevail on a claim of ineffective assistance of counsel, the petitioner must show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced petitioner's defense. *Id.* Unless a petitioner makes both showings, the allegations do not meet the benchmark on review for granting relief on a claim of ineffective assistance. *Id.*

Counsel is presumed effective, and allegations without factual substantiation are insufficient to overcome that presumption. *Id.* A petitioner has the burden of overcoming the presumption by identifying specific acts and omissions that, when viewed from counsel's perspective at the time of trial, could not have been the result of reasonable professional judgment. *Id.*

A court need not address both components of the inquiry if the petitioner makes an insufficient showing on one. *Id.* To demonstrate prejudice, the petitioner must show there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt. *Id.* A reasonable probability is one that is sufficient to

undermine confidence in the outcome of the trial. *Id.* Conclusory statements that counsel was ineffective cannot be the basis for postconviction relief. *Id.*

A decision on a petition for postconviction relief pursuant to Rule 37.1 will not be reversed unless the trial court's ruling is clearly erroneous. *Id.* A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

First, Neal argues that trial counsel was ineffective by not moving for a dismissal based on an alleged speedy-trial violation. Arkansas Rule of Criminal Procedure 28.1 states in pertinent part that any defendant charged with an offense and incarcerated in prison in this state pursuant to conviction or another offense, or lawfully held to bail or otherwise lawfully set at liberty, must be brought to trial within twelve months unless there are periods of delay that are excluded under Rule 28.3. *Parker v. State*, 2023 Ark. 41, 660 S.W.3d 815. If the defendant is not brought to trial within the requisite time, the defendant is entitled to have the charges dismissed with an absolute bar to prosecution. *Id.* (citing Ark. R. Crim. P. 30.1).

The trial record lodged on direct appeal[2] reveals that Neal was arrested on December 24, 2020, and was brought to trial on November 30, 2022, which totals 706 days. Due to the COVID pandemic, Neal's first appearance occurred via Zoom on April 8, 2021, wherein his defense counsel entered a not-guilty plea. Further proceedings for the purpose of determining whether an Act III mental evaluation would be necessary were continued

---

[2]This court may take judicial notice in postconviction proceedings of the record on direct appeal without need to supplement the record. *Williams*, 2019 Ark. 289, 586 S.W.3d 148.

by agreement of the parties until June 28, 2021, thereby excluding eighty-one days from the speedy-trial calculation. *See* Ark. R. Crim. P. 28.3(c) (excluding delay resulting from a continuance requested by defense). On June 28, 2021, Neal appeared via Zoom when an Act III evaluation was requested by counsel with no objection from Neal. The request was granted by an order entered by the circuit court on June 30, 2021. Neal's trial date was continued until November 1, 2021. On November 1, 2021, a hearing was held, wherein Neal's counsel informed the circuit court that the report on Neal's fitness to proceed to trial had not been filed, and counsel did not know when, specifically, the report would be available. Consequently, Neal's trial date was continued until February 28, 2022, at the request of defense counsel.[3] Neal was present for the hearing on February 28, 2022, and was informed that his evaluation would take place on the following day. The Act III evaluation was filed with the circuit court on April 7, 2022. The period of time from June 30, 2021, through April 7, 2022——281 days——was excludable under Criminal Procedure Rule 28.3. *See Marshall v. State*, 2020 Ark. 66, 594 S.W.3d 78 (excluding the period of time between the date the circuit court entered an order for a forensic evaluation of a defendant's fitness to proceed through the date the evaluation report was filed with the trial court). An omnibus hearing was held on October 10, 2022, wherein a joint request to continue the trial date was granted by the circuit court, and the trial was held on November 30, 2022. A joint continuance is presumably desired by both parties, which would include the

---

[3]Neal argues on appeal, as he did below, that because he was not present at the November 1 hearing, when defense counsel agreed to the February 28, 2022 continuance, the time frame between those two dates should not excluded from the speedy-trial calculation. However, the circuit court did not rule on this allegation, and it is not preserved on appeal. *Lowery v. State*, 2021 Ark. 97, 621 S.W.3d 140.

defendant and is excluded from the speedy-trial calculation. *Gwin v. State*, 340 Ark. 302, 9 S.W.3d 501 (2000). The period of time between the request for a continuance and the trial date is fifty-one days.

The above cited excludable periods total 413 days, which when subtracted from 706 days between Neal's arrest and trial, equals 293 days. Consequently, a motion to dismiss based on a violation of Neal's right to a speedy trial would not have succeeded. Counsel is not ineffective for failing to make a motion or argument that is without merit. *Douglas v. State*, 2018 Ark. 89, 540 S.W.3d 685.

Within his second and fifth points on appeal, Neal raises three arguments concerning trial counsel's ineffectiveness regarding phone communications between Grimes and Cawley. First, Neal argues that trial counsel was ineffective for failing to compel the State to disclose a transcript of an alleged phone conversation between Grimes and Cawley. Second, Neal argues that trial counsel was ineffective in failing to preserve for appellate review Neal's assertion that the voicemail was an additional layer of hearsay. Third, Neal argues that trial counsel was ineffective for failing to properly investigate the case and obtain Grimes's cell-phone records. Neal's hearsay and failure-to-investigate arguments are not preserved for review because the circuit court did not rule on these claims. *See Lowery*, 2021 Ark. 97, 621 S.W.3d 140.

Regarding the transcript of an alleged phone conversation between Grimes and Cawley, the circuit court found that there was no evidence presented that the State had ever possessed a transcript of the communications and failed to turn them over to the defense. Further, the circuit court took into account Grimes's testimony that she no longer had the

phone or any records pertaining to the phone. Finally, the circuit court found that Neal's counsel thoroughly cross-examined Grimes and challenged Grimes's failure to keep the phone. Therefore, we cannot say that trial counsel's performance was deficient under these facts.

For his third argument on appeal, Neal argues that his trial counsel was ineffective for failing to properly advise him regarding a plea deal offered by the State. Neal asserts that due to his counsel's erroneous advice, Neal believed that he would receive a life sentence even if he pleaded guilty.

The circuit court rejected the claim, finding that the trial record contradicted Neal's claim. The trial record establishes that before Neal's trial began, the plea offer was explained in detail, and Neal was advised that if he was convicted of first-degree murder, a sentence of life imprisonment would be imposed. Neal agreed that he understood. It was further explained on the record that if Neal accepted the plea deal, his murder charge would be reduced to the charge of manslaughter with a recommended sentence of fifteen years. After being so advised, Neal rejected the offer. Neal's allegation that due to counsel's advice he misunderstood that he would be sentenced to life imprisonment if he pleaded guilty is belied by the record. A petitioner making an ineffective-assistance-of-counsel claim bears the heavy burden of demonstrating that his counsel's performance fell below an objective standard of reasonableness. *Pree v. State*, 2022 Ark. 187, 653 S.W.3d 347. A court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. Here, the record shows that Neal was specifically advised of the maximum sentence that would be imposed if he was found guilty of first-

6

degree murder and that the terms of a plea deal offered by the State were explained. There is no evidence in the record that Neal's counsel provided misleading advice about the plea deal, and Neal has failed to provide any evidence to meet his burden and overcome the presumption that counsel's conduct fell within a reasonable standard of professional assistance.

For his fourth point on appeal, Neal contends that counsel was ineffective by requesting an Act III evaluation to determine his fitness to proceed to trial. According to Neal, he did not give permission for such an evaluation, and his attorney's actions deprived him of a speedy trial. Neal has again failed to demonstrate that counsel's request for a mental evaluation was outside a reasonable standard of professional assistance. Further, even when counsel's conduct and professional judgment are deficient, the petitioner's ineffective-assistance claim will fail unless the petitioner can show that there is a reasonable probability that the fact-finder's decision would have been different absent counsel's errors. *Whiteside v. State*, 2024 Ark. 30, 684 S.W.3d 588. There is no evidence that the Act III evaluation changed the jury's conclusion that Neal was guilty of first-degree murder.

Based on our discussion above and our standard of review, the circuit court did not clearly err in denying Neal postconviction relief, and we affirm the circuit court's denial of Neal's Rule 37 petition.

Affirmed.

Special Justice TROY BRASWELL joins.

WOMACK, J., concurs without opinion.

BRONNI, J., not participating.

7

*Ricky Lewis Neal*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Jason Michael Johnson*, Ass't Att'y Gen., for appellee.